No. 3--04--0317

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 2005

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 21st Judicial Circuit,

       )  Kankakee County, Illinois,

Plaintiff-Appellee,       )

                                )

v.                         )  No. 02--CF--109

  )

PAUL J. RISLEY,                 )  Honorable

  )  Clark E. Erickson,

Defendant-Appellant.       )  Judge Presiding.

_________________________________________________________________

JUSTICE SCHMIDT delivered the opinion of the court:

_________________________________________________________________

Defendant Paul J. Risley pleaded guilty to one count of aggravated criminal sexual abuse (720 ILCS 5/12--16(c)(1)(ii) (West 2002)).  Sentences of probation and periodic imprisonment were subsequently revoked, and defendant was resentenced to seven years' imprisonment, the maximum term for the Class 2 felony offense (720 ILCS 5/12--16(g); 730 ILCS 5/5--8--1(a)(5) (West 2002)).  Defendant appeals, contending that his sentence is excessive.  We affirm.

On April 30, 2002, defendant entered a fully negotiated guilty plea to a charge of aggravated criminal sexual abuse of J.C., a minor who was a family friend, by using force to fondle her breast.  In exchange for the plea, the State dismissed another count of aggravated criminal sexual abuse based on fondling J.C.'s vagina by the use of force.  Pursuant to the plea agreement, defendant was sentenced to a four-year term of sex offender probation.  One of the terms of defendant's probation was to attend a sex offender treatment program.  

On June 30, 2003, the State filed a petition to revoke probation, alleging that defendant had been unsuccessfully discharged from the sex offender treatment program because of unexcused absences.  Defendant admitted the petition.  On October 17, 2003, the court extended defendant's sex offender probation and added an 18-month term of periodic imprisonment as a condition of the probationary sentence.

A month later, the State filed a second petition to revoke probation.  After several amendments, the State's second petition alleged that defendant violated the terms of his probation because he (1) was again unsuccessfully discharged from the sex offender treatment program, (2) returned to the jail late one night, (3) failed to report to his probation officer, (4) failed to provide verification of employment, and (5) failed to comply with work release by failing to show up for work on 19 days between December 10, 2003, and January 22, 2004.

At the hearing on the petition to revoke probation, Dr. James Simone, defendant's sex offender treatment counselor, testified that defendant had agreed to pay $50 per session for group sex offender treatment beginning in October 2003.  He failed to make any payments and was discharged after three sessions.  Defendant's probation officer testified that defendant  provided no pay stubs to verify employment after November 18, 2003, even though he signed himself out of the jail for work release on several days between November 23, 2003, and January 22, 2004.  Kankakee County jail supervisor, Sergeant John Timm, testified that defendant signed out of jail for work release on November 23, 2003, and returned to the jail 45 minutes late. Elizabeth Brewer, a supervisor of Taco Bell restaurants where defendant said he was employed, testified that defendant did not show up for work on 8 days in December 2003 and 11 days in January 2004, even though he had signed out of jail for work release on those dates.

Based on the evidence, the court found that defendant had violated the terms of his probation.  The court ordered an updated presentence investigation and set the cause for resentencing.

At the start of the hearing, the court ruled that defendant's unsuccessful discharge from sex offender treatment was not wilful and not, therefore, a basis for its finding that defendant had violated his probation.  In mitigation, defendant's fiancée, Carol Froncek, testified that defendant had stayed home to help take care of her three children under age five, two of whom were defendant's, when he was supposed to be on work release.  Froncek testified that she was 6½ months pregnant with another baby and confined to bed rest.  She stated that it would be a great hardship for her and the children if defendant were sentenced to imprisonment.  

After defendant exercised his right of allocution, the court found that another sentence of probation and periodic imprisonment would deprecate the seriousness of defendant's conduct and be inconsistent with the ends of justice.  The court then sentenced defendant to seven years' imprisonment with credit for time served in jail.  Defendant filed a motion to reconsider sentence, which the trial court denied, and he appeals.

Defendant requests this court to reduce his sentence to a term closer to the statutory minimum of three years.  He argues that he poses no danger to the public, the conduct which violated his probation did not involve criminal activity, and the nature of his offense did not justify the maximum sentence.

It is well settled that the trial court is in the best position to fashion a sentence that strikes an appropriate balance between the goals of protecting society and rehabilitating the defendant.  
People v. Cox
, 82 Ill. 2d 268, 412 N.E.2d 541 (1980).  A sentence is excessive if it is manifestly disproportionate to the nature of the offense or not justified under any reasonable view which might be taken of the record.  
People v. Stacey
, 193 Ill. 2d 203, 737 N.E.2d 626 (2000); 
People v. Smith
, 214 Ill. App. 3d 327, 574 N.E.2d 784 (1991). 

After revoking a sentence of probation, the trial judge may resentence a defendant to any sentence that would have been appropriate for the original offense.  
People v. Young
, 138 Ill. App. 3d 130, 485 N.E.2d 443 (1985).  The court may consider the defendant's conduct while on probation in reassessing his rehabilitative potential.  
People v. Turner
, 233 Ill. App. 3d 449, 599 N.E.2d 104 (1992).  However, the sentence imposed must not be punishment for the probation violation.  
Young
, 138 Ill. App. 3d 130, 485 N.E.2d 443.  A sentence within the statutory range for the offense will not be disturbed as an abuse of the sentencing court's discretion unless this court is strongly persuaded that the sentencing judge intended to penalize the defendant for violating his probation.  
Young
, 138 Ill. App. 3d 130, 485 N.E.2d 443.

Based on the foregoing principles, we decline to reduce defendant's sentence.  Upon resentencing, defendant faced a potential prison sentence of three to seven years.  730 ILCS 5/5--8--1(a)(5) (West 2002).  Defendant's seven-year sentence for the aggravated criminal sexual abuse of J.C., a family friend, cannot be said to be manifestly disproportionate to the nature of the offense.  Further, given defendant's total disregard for the terms of his probation and periodic imprisonment, the court was amply justified in finding that defendant lacked rehabilitative potential.  The record shows that the court gave due consideration to mitigating factors and found them outweighed by factors in aggravation.  We are not convinced that the maximum prison term imposed by the court was intended to punish defendant for his violation of probation.  We conclude that defendant's sentence was neither unjust nor an abuse of the court's discretion. 

Accordingly, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

LYTTON and O'BRIEN, JJ., concur.