NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180391-U

NO. 4-18-0391

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 31, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| MICHAEL J. RUSSELL, | ) | No. 16CF1511 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed where defendant forfeited any claim of error in his sentencing and defendant failed to show, for purposes of plain-error review, that any error occurred.

¶ 2    In December 2016, defendant, Michael J. Russell, pleaded guilty to indecent solicitation of a child (720 ILCS 5/11-6(a) (West 2016)), in exchange for a sentence of 48 months' probation. In January 2018, the State filed a petition to revoke defendant's probation. At a February 2018 hearing, defendant admitted the allegations in the petition to revoke his probation. In March 2018, the court resentenced defendant to a term of seven years in prison.

¶ 3    Defendant appeals, arguing the trial court improperly sentenced him for conduct while on probation rather than for the underlying offense. We affirm.

¶ 4                              I. BACKGROUND

¶ 5        In November 2016, the State charged defendant with one count of indecent solicitation of a child (count I) (720 ILCS 5/11-6(a) (West 2016)) and one count of battery (count II) (720 ILCS 5/12-3(a)(2) (West 2016)). In December 2016, defendant pleaded guilty to count I in exchange for a sentence of 48 months' probation and the State's dismissal of count II.

¶ 6        In January 2018, the State filed a petition to revoke defendant's probation after he (1) failed to report "on 9/18/17, 10/19/17, 11/30/17, and 12/14/17" and (2) tested positive for the presence of cannabis and cocaine. In February 2018, defendant stipulated to the allegations in the petition and the trial court revoked defendant's probation.

¶ 7        On March 13, 2018, the trial court resentenced defendant to seven years' imprisonment. In doing so, the court stated:

> "Well, I've considered the report prepared by Court Services. I have considered the comments of counsel, comments of the defendant, the testimony, and the documentation presented on behalf of the defendant. I've considered the statutory factors in aggravation as well as the statutory factors in mitigation.
>
> As to the statutory factors in mitigation, there really aren't any statutory mitigating factors that apply to this defendant to this type of an offense. There is mitigation in this record, not necessarily statutory mitigation, but there is mitigation.
>
> First of all, the defendant's only 30 years of age. Still a relatively young man. He initially pled guilty and admitted to the violation of his probation. He's gotten his GED. He has shown an ability to maintain employment. These are all non-statutory mitigating factors.

The two statutory factors in aggravation. He has a prior criminal history. This is his sixth criminal conviction. He also has two juvenile adjudications, one for burglary out of DeWitt County, this was in '01, where substance abuse evaluation and treatments—treatment was recommended; and then a residential burglary in '02 in DeWitt County again. He then has a conviction in Minnesota for burglary; another conviction in Minnesota for burglary; possession of dangerous weapons; a conviction for drug tax stamp violation out of Kansas; deceptive practices, Champaign County; deceptive practices, McLean County; and then this offense as set forth here.

So, the defendant's prior criminal history is definitely a factor in aggravation.

The other statutory factor in aggravation is the deterrent factor. This Court has to fashion a sentence that will not only deter this defendant but other individuals similarly situated from committing this type of an offense.

And, again, the offense that he pled guilty to, this was a—an information filed on November 8 of 2016. The defendant, who was 17 years of age or older, knowingly solicited [C.D.], a child, to perform an act of sexual penetration or sexual conduct with the intent that the offense of criminal sexual assault be committed.

This is a deterrable offense, so the sentence imposed has to act as a deterrent for other individuals similarly situated.

Now, the defendant was given a sentence of probation and was supervised by Mr. Jessup.

The defendant's mother has indicated that he needs treatment. Everybody in this courtroom agrees he needs treatment. But—and I'm not even talking about sex offender treatment.

On June 21, he was directed in writing to get a substance abuse evaluation at either Prairie Center or Rosecrance within 14 days. He did not obtain any assessment until July 12. He chose Rosecrance, was recommended to complete outpatient substance abuse treatment with them.

He failed to follow-through with those recommendations and this officer's directives to keep his treatment local for the time being. He instead sought out services at Chestnut Health Systems in Bloomington.

On the 26th of July, this officer received documentation from Chestnut Health Systems diagnosing Mr. Russell with Cocaine Use Disorder, Severe; Alcohol Use Disorder, Severe; and Other Hallucinogenics Use Disorder, Severe. Chestnut recommended residential treatment for him, and he was placed on a waiting list.

Despite continued assurances to the contrary, Mr. Russell failed to enter into residential treatment as recommended, nor had he engaged in any other sort of outpatient treatment. Therefore, on the 1st of September, a second written directive was issued to Mr. Russell directing him to engage in substance abuse treatment with Rosecrance.

On the 19th of September, he reported Rosecrance staff were recommending residential treatment. In a series of e-mail exchanges with David

- 4 -

Welch and telephone conversations with other people, both counselors at Rosecrance, this officer was able to confirm his assertions.

It was arranged for the defendant to enter Heritage Behavioral Health in Decatur on the 27th of September. A referral was made after this officer learned the defendant had entered into a romantic or sexual relationship with someone who was employed at Chestnut Health Systems on the 17th of September. He was to be admitt[ed] into their Detox Unit and was then to transition to residential treatment. He failed to follow-through and enter into either program.

He did engage in outpatient treatment at Rosecrance; and due to continued drug usage, he was recommended enter residential treatment. On the 12th of December, he reported he was entering into Carle New Choice program. He indicated he had to wait until January 1 to enter the program due to insurance-related issues.

He ceased attending outpatient treatment at Rosecrance on the 8th of December. Failed to enter residential treatment as recommended and mandated. And due to his lack of attendance and failure to engage in treatment at Rosecrance, he was subsequently discharged from treatment on January 3rd.

The defendant's sister has it right; if she can do it, he can do it. He has no desire to get treatment. Can't drag him into it and chain him to the bed. It's got to be something he wants; and, at this point, Mr. Russell is quite comfortable with his lifestyle, with his deceptive lifestyle as a typical addict.

It was probationable when he pled guilty. It remains so today, and the Court has to consider a community-based sentence as the first alternative. The

Court has to determine the circumstances surrounding the offense, the history, character, and condition of the defendant and make a determination as to whether or not he needs to be incarcerated because he's dangerous and/or a further sentence of probation or conditional discharge would deprecate the seriousness of his conduct and be inconsistent with the ends of justice.

The Court is always in a better position to judge the history, character, and condition of the defendant when he comes back to court after having failed probation, and this defendant has failed it miserably. I believe a further community-based sentence would deprecate the seriousness of his conduct, be inconsistent with the ends of justice, [and] definitely wouldn't be the appropriate deterrent factor for other individuals similarly situated. He'll, therefore, be sentenced to a period of incarceration in the Illinois Department of Corrections for 7 years, giving him credit for 142 days served in the Champaign County Correctional Center."

¶ 8     On March 14, 2018, defendant filed a motion to reconsider sentence, asserting the sentence was excessive and disregarded defendant's rehabilitative potential. The trial court denied defendant's motion.

¶ 9     This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11     On appeal, defendant argues the trial court improperly sentenced him for conduct while on probation rather than resentencing him for the underlying offense of indecent solicitation of a child. The State argues defendant forfeited his argument on appeal by failing to raise it in a posttrial motion and maintains the court's sentence was proper.

- 6 -

¶ 12    "A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed with the circuit court clerk within 30 days following the imposition of sentence." 730 ILCS 5/5-4.5-50(d) (West 2016). In *People v. Rathbone*, 345 Ill. App. 3d 305, 309, 802 N.E.2d 333, 337 (2003), this court held a defendant can forfeit a claim the trial court erred in sentencing him for his conduct on probation rather than for his original offense by failing to raise the claim in a postsentencing motion. Here, not only did defendant fail to raise this issue in a postsentencing motion, defendant neglected to raise the issue at any point in the trial court.

¶ 13    Alternatively, defendant asks that if we determine he failed to preserve this argument, we nonetheless review it as plain error because "[b]y sentencing [defendant] based on his inability to comply with the terms of probation rather than the actual offense of conviction, the circuit court deprived him of a fair hearing."

¶ 14    To obtain relief under the plain-error doctrine, the defendant must first show a clear or obvious error occurred. *People v. Hillier*, 237 Ill. 2d 539, 545, 931 N.E.2d 1184, 1187 (2010). In the sentencing context, a defendant must demonstrate that "(1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Id.* Under both prongs, the defendant bears the burden of persuasion. *Id.* "If the defendant fails to meet his burden, the procedural default will be honored." *Id.* Thus, we begin by determining whether an error occurred.

¶ 15    Where a sentence of probation is revoked, the trial court may continue the defendant on the existing sentence or impose any other sentence originally available. *People v. Somers*, 2012 IL App (4th) 110180, ¶ 21, 970 N.E.2d 606; see also 730 ILCS 5/5-6-4(e) (West 2016). The court may consider the defendant's conduct while on probation in reassessing his

rehabilitative potential; however, the sentence imposed must not be punishment for the probation violation. *People v. Risley*, 359 Ill. App. 3d 918, 920, 834 N.E.2d 981, 983 (2005). "A sentence within the statutory range for the offense will not be disturbed as an abuse of the sentencing court's discretion unless this court is strongly persuaded that the sentencing judge intended to penalize the defendant for violating his probation." *Id.* at 920-21. A trial court's remarks "must be taken in context, and read in their entirety, including arguments of counsel." *People v. Young*, 138 Ill. App. 3d 130, 142, 485 N.E.2d 443, 450 (1985).

¶ 16        Indecent solicitation of a child is a Class 2 felony with a sentencing range of probation or between three and seven years in prison. 720 ILCS 5/11-6(c)(2) (West 2016); 730 ILCS 5/5-4.5-35(a), (d) (West 2016). Accordingly, defendant's sentence of seven years' imprisonment fell within the statutory sentencing range for the offense. The trial court indicated it considered the presentence report, the comments of counsel, comments of defendant, the testimony, and the documentation presented on behalf of defendant, as well as "the statutory factors in aggravation as well as the statutory factors in mitigation." Furthermore, the court addressed its obligation "to determine the circumstances surrounding the offense, the history, character, and condition of the defendant and make a determination as to whether or not he needs to be incarcerated ***." *C.f. People v. Varghese*, 391 Ill. App. 3d 866, 877, 909 N.E.2d 939, 949 (2009) (remanding for resentencing where the trial court never expressly considered the underlying offense when fashioning its sentence). While the court expressed its disapproval of defendant's conduct while on probation in this case, it did so in the context of considering defendant's rehabilitative potential and the threat he posed to the community. The court specifically noted the "deterrable" nature of the offense and believed "a further community-based sentence would deprecate the seriousness of [defendant's] conduct, be

inconsistent with the ends of justice, [and] definitely wouldn't be the appropriate deterrent factor for other individuals similarly situated." Far from establishing error, the analysis undertaken by the trial court reflects a proper resentencing hearing. After reviewing the court's comments in their entirety, we are not persuaded the court's sentence was intended to penalize defendant for his conduct while on probation rather than the underlying offense.

¶ 17      Since we have found no error, defendant cannot establish plain error. Thus, we honor his forfeiture.

¶ 18      III. CONCLUSION

¶ 19      For the reasons stated, we affirm the trial court's judgment.

¶ 20      Affirmed.