NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240373-U

NO. 4-24-0373

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 7, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| KEMBELL L. ADAMS, | ) | No. 20CF124 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Sean W. Donahue, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Lannerd and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court granted the Office of the State Appellate Defender's motion to withdraw as appellate counsel and affirmed the trial court's judgment, concluding no issue of arguable merit could be raised on appeal.

¶ 2        Defendant, Kembell L. Adams, appeals from the trial court's judgment revoking his probation and resentencing him to four and a half years in prison for aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2020)). On appeal, defendant's appointed counsel, the Office of the State Appellate Defender (OSAD), moves to withdraw on the ground no issue of arguable merit can be raised. For the reasons that follow, we grant OSAD's motion and affirm the court's judgment.

¶ 3                        I. BACKGROUND

¶ 4        On July 25, 2022, defendant entered a fully negotiated guilty plea to aggravated domestic battery (*id.*), a Class 2 felony. Per the terms of the plea agreement, defendant was to be

sentenced to 24 months' probation and charges of domestic battery (*id.* § 12-3.2(a)(2)) and interference with a report of domestic violence (*id.* § 12-3.5(a)) would be dismissed.

¶ 5        The trial court admonished defendant of his rights and confirmed he understood the plea agreement. The court informed defendant he was eligible for an extended-term sentence of 3 to 14 years due to a prior felony conviction. As a factual basis, the State represented, in part, if the case proceeded to trial, it would call Tonya Marsh, who would testify

> "she had been in a dating relationship with the defendant. That on the date in question they got into an argument in the kitchen of that residence. She would testify that the defendant beat her in the kitchen. She did try to get away from the defendant going to the bathroom of the residence and it was there in the bathroom that the defendant grabbed her by the throat and would not let go and strangled her at that time."

The State would also introduce photographs of Marsh's injuries.

¶ 6        The trial court accepted defendant's plea and sentenced him to 24 months' probation. Per the terms of his probation, defendant was required, in part, to (1) not violate any criminal law of any jurisdiction, (2) report to his probation officer as ordered, (3) complete a domestic violence program within 12 months, (4) submit drug drops as ordered, (5) undergo any drug treatment as ordered by his probation officer, (6) pay fines, costs, and fees, and (7) perform 50 hours of public service work by May 25, 2023. Defendant signed the written conditions of probation form, acknowledging the conditions.

¶ 7        On May 9, 2023, the State filed a petition to revoke defendant's probation. The petition alleged defendant violated the terms of his probation when: (1) defendant committed the offense of driving on a revoked license on January 12, 2023, in Peoria County case No.

23-MT-137; (2) defendant committed the offense of domestic battery on April 12, 2023; (3) defendant failed to report to the probation department on three occasions; (4) defendant tested positive for cocaine, amphetamines, and/or ecstasy on 14 occasions, beginning in August 2023; (5) defendant willfully failed to pay fines, costs, and fees; (6) defendant had completed none of his required 50 hours of public service; (7) defendant would not be able to complete domestic violence treatment by July 25, 2023; and (8) despite receiving a referral for a substance abuse assessment in December 2022, defendant had not completed the assessment.

¶ 8       On November 1, 2023, the State filed an amended petition to revoke defendant's probation. The petition alleged defendant violated the terms of his probation when: (1) defendant continued to test positive for cocaine, amphetamines, and/or ecstasy; (2) defendant willfully failed to pay fines, costs, restitution, and fees; (3) despite receiving referrals for a substance abuse evaluation in December 2022 and May 2023, defendant failed to complete a substance abuse evaluation; (4) defendant committed the offenses of (a) driving on a revoked license on January 13, 2023, in Peoria County case No. 23-MT-137, (b) theft on June 26, 2023, in Peoria County case No. 23-CF-610, and (c) possession of a controlled substance on October 12, 2023, in Tazewell County case No. 23-CF-731; (5) defendant failed to report to the probation department on nine occasions; (6) defendant did not complete domestic violence treatment by July 25, 2023; and (7) despite beginning a domestic violence treatment program in August 2023, defendant was terminated from the program for excessive absences.

¶ 9       At the hearing on the petition to revoke, the State called probation officer Quinton Green to testify. Green confirmed he had not received any documents showing defendant had completed any public service hours. Although defendant had started a domestic violence class in August 2023, he was terminated from the program. Defendant had several instances of failing to

report to the probation office, curfew violations, and failing to update the probation office of his home address. Green also explained defendant had over 15 positive tests for illicit drugs. The trial court took judicial notice of the financial status of defendant's case, which showed no court ordered payments.

¶ 10        On cross-examination, Green acknowledged the trial court had not ordered a curfew in this case. Defense counsel presented a document, which Green agreed showed defendant had completed a substance abuse assessment, but he also confirmed the probation department had not received the document. Green also agreed it was possible defendant had completed some public service hours but had not submitted the documents to the probation department.

¶ 11        The State also called defendant to testify. Defendant testified he completed 25 public service hours, but he acknowledged he did not complete all the required hours. Defendant also stated he had been enrolled in a domestic violence class, but it "took forever" to get into the class. He was terminated from the class after he was taken into custody in another case. Defendant explained he thought he had to have the class completed by the end of his probation, rather than within the first year.

¶ 12        The trial court found defendant failed to comply with the terms of his probation. Specifically, the court found he had positive drug tests, failed to complete a domestic violence class, and failed to complete 50 public service hours.

¶ 13        The trial court held defendant's sentencing hearing in January 2024. Neither the State nor defendant presented any evidence in aggravation or mitigation beyond the presentence investigation report. Defendant made a statement in allocution, apologizing to the court and his probation officer.

¶ 14　　　　The trial court noted the only mitigating factor was it "could be argued that [defendant] acted under strong provocation based on [his] addiction but that's a stretch." As for aggravating factors, the court found the conduct of the underlying offense caused or threatened serious harm, defendant's criminal history, and deterrence. The court sentenced defendant to four and a half years in prison.

¶ 15　　　　Thereafter, defendant filed a motion to reconsider his sentence, which the trial court denied.

¶ 16　　　　This appeal followed.

¶ 17　　　　　　　　　　　　　II. ANALYSIS

¶ 18　　　　OSAD seeks to withdraw as counsel on appeal, asserting it can make no meritorious argument.

¶ 19　　　　　　　　　　　A. Probation Revocation

¶ 20　　　　OSAD asserts no reasonable argument could be made to challenge the trial court's revocation of defendant's probation. We agree.

¶ 21　　　　In a probation revocation proceeding, the State is required to prove a violation of a previously imposed condition of probation. *People v. Williams*, 303 Ill. App. 3d 264, 267 (1999); 730 ILCS 5/5-6-4(c) (West 2022). The proceeding is civil in nature, and proof of a probation violation need only be shown by a preponderance of the evidence. *People v. Woznick*, 278 Ill. App. 3d 826, 828 (1996). A violation of a single condition of probation is sufficient to warrant revocation. See *In re Seth S.*, 396 Ill. App. 3d 260, 274 (2009). A trial court's finding of a probation violation will not be overturned unless it is against the manifest weight of the evidence. *Williams*, 303 Ill. App. 3d at 267. "A finding is against the manifest weight of the evidence only if a contrary result is clearly evident." *People v. Clark*, 313 Ill. App. 3d 957, 960

(2000).

¶ 22　　As part of his probation conditions, defendant was required to complete 50 hours of public service by May 25, 2023. The State presented evidence the probation department had not received documentation of defendant completing any hours of public service. Even if we accept the hours defendant testified he completed, by defendant's own admission, he completed only half of the required hours of public service. On this ground alone, the trial court was within its discretion to revoke defendant's probation.

¶ 23　　　　　　　　　　B. Defendant's Sentence

¶ 24　　OSAD asserts no reasonable argument could be made to challenge defendant's sentence following the revocation of his probation. We agree.

¶ 25　　"When a sentence of probation has been revoked, the trial court may impose any other sentence that was available *** at the time of the initial sentencing." (Internal quotation marks omitted.) *People v. Somers*, 2012 IL App (4th) 110180, ¶ 21; see 730 ILCS 5/5-6-4(e) (West 2022). "[T]he sentence imposed must not be punishment for the probation violation." *People v. Risley*, 359 Ill. App. 3d 918, 920 (2005). "A sentence within the statutory range for the offense will not be disturbed as an abuse of the sentencing court's discretion unless this court is strongly persuaded that the sentencing judge intended to penalize the defendant for violating his probation." *Id.* at 920-21.

¶ 26　　Defendant was convicted of a Class 2 felony (720 ILCS 5/12-3.3(a-5) (West 2020)) and, because he was eligible for an extended-term sentence, he faced a possible prison sentence between 3 and 14 years (*id.* § 12-3.3(b)). The trial court considered the statutory factors in aggravation and mitigation, and it found only one factor, defendant's substance abuse, arguably applied in mitigation, against several factors in aggravation. Even so, defendant's four-

and-a-half-year sentence was well within the statutory range and only slightly above the minimum available sentence. To the extent the court discussed defendant's conduct on probation, it did so in considering defendant's rehabilitative potential and his outstanding issues with substance abuse. Nothing in the record demonstrates the sentence imposed was intended to penalize defendant for violating his probation. In fact, the court discussed at length its belief the reason for defendant's failures on probation stemmed from his addiction, a factor it tied to a mitigating element rather than an aggravating one.

¶ 27        Finally, OSAD points out the aggravating factor the defendant caused or threatened serious harm may be a factor inherent in the offense of aggravated domestic battery. Specifically, OSAD references *People v. Arbuckle*, 2016 IL App (3d) 121014-B, ¶ 39, which states " 'great bodily harm' is a necessary element of aggravated domestic battery." However, as OSAD acknowledges, this argument lacks merit. Indeed, the trial court may consider the "degree of harm" to the victim, "even in cases where serious bodily harm is arguably implicit in the offense for which a defendant is convicted." *People v. Saldivar*, 113 Ill. 2d 256, 269 (1986). We note, however, defendant was not convicted under the same clause of aggravated domestic battery as the defendant in *Arbuckle*. Although subsection (a) requires the offender, "in committing a domestic battery, [to] knowingly cause[ ] great bodily harm, or permanent disability or disfigurement" (720 ILCS 5/12-3.3(a) (West 2020)), defendant was convicted under subsection (a-5), which only requires the offender, "in committing a domestic battery, [to] strangle[ ] another individual" (*id.* § 12-3.3(a-5)). In the factual basis, the State presented Marsh's anticipated testimony defendant "beat her in the kitchen" before chasing her to the bathroom and strangling her. The harm caused by these acts clearly went above and beyond the strangulation required for the offense.

¶ 28                          III. CONCLUSION

¶ 29          For the reasons stated, we grant OSAD's motion to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 30          Affirmed.