NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180589-U

NO. 4-18-0589

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 21, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| TIMMIE MARTIN, | ) | No. 17CF78 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

_____

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, concluding the trial court did not abuse its discretion in sentencing defendant to a term within statutory guidelines for aggravated battery.

¶ 2    In March 2018, a jury convicted defendant, Timmie Martin, of one count of aggravated battery (720 ILCS 5/12-3.05(d)(4)(i) (West 2016)).  In April 2018, the trial court sentenced defendant to 12 years' imprisonment.  In August 2018, the court denied defendant's motion to reconsider the sentence.

¶ 3    Defendant appeals, arguing the trial court erred by sentencing him to 12 years' imprisonment given the nature and circumstances of the offense and the low risk of harm he presented to society.  For the following reasons, we affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5        In March 2017, the State charged defendant with aggravated battery (720 ILCS 5/12-3.05(d)(4)(i) (West 2016)).  The indictment alleged defendant knowingly made physical contact of an insulting or provoking nature with correctional officer Adam Deal, in that defendant struck Deal with an unknown liquid substance, striking him about the face and body, knowing Deal to be a correctional institution employee engaged in the performance of his authorized duties.

¶ 6                                A. Jury Trial

¶ 7        In March 2018, the matter proceeded to a jury trial.  We summarize only the testimony necessary for the resolution of this appeal.

¶ 8        Adam Deal, a correctional officer at Pontiac Correctional Center, testified that, on August 31, 2014, he "was picking up trash after feeding."  Deal testified, "I was pushing the trash can down the gallery, walked by, and [defendant] threw a cup of urine on the left side of my body."  Deal was passing cell 745, and defendant was the only person in that cell.  According to Deal, the cell had a steel door with perforated holes that allowed guards to see the inmates and allowed substances to escape.  Deal testified the substance smelled like urine and defendant said " 'how does my piss taste.' "  Deal cleaned up and reported the incident to his supervisor.

¶ 9        Preston Kraushaar, an employee of the Pontiac Correctional Center, testified he walked behind Deal on the day of the incident.  Kraushaar observed "a large amount of liquid came through the perforated doors striking Officer Deal."  According to Kraushaar, the liquid smelled like urine.  Kraushaar testified defendant was the sole occupant of cell 745 where the liquid came from.

¶ 10        Defendant testified he was in cell 751, not cell 745.  According to defendant, he wore a tan jumpsuit and white, low top gym shoes on the day of the incident.  Defendant testified

Deal refused to allow him to shower. Defendant denied throwing a cup of urine at Deal. Defendant testified he was never in cell 745. Following deliberation, the jury found defendant guilty of aggravated battery.

¶ 11                                  B. Sentencing

¶ 12        In April 2018, the trial court held a sentencing hearing. The State noted defendant was subject to a mandatory Class X sentence range of 6 to 30 years' imprisonment. The State recommended a term of 12 years' imprisonment based on the seriousness of the offense and defendant's criminal history. In part, the State argued the prison guards "didn't sign up for having things thrown at them, having urine, having feces, having anything thrown at them or being battered in any other way. This simply isn't part of their jobs, and it shouldn't be part of their job."

¶ 13        Defense counsel argued defendant was 58 years old and a 12-year prison sentence "could be a death sentence for him." Defense counsel further argued that, although the incident might have been "insulting," no one suffered serious injury. Defense counsel recommended a minimum sentence of six years' imprisonment.

¶ 14        The presentence investigation report (PSI) indicated the incident occurred in August 2014 and the Pontiac Correctional Center Adjustment Committee reviewed the incident in September 2014. "The committee found the defendant guilty of violating internal policy and administered the maximum amount of discipline available at the institutional level." The PSI detailed defendant's lengthy criminal history, which included 10 felony convictions for burglary, aggravated criminal sexual abuse, possession of a stolen motor vehicle, possession of a controlled substance, manufacture/delivery of a controlled substance, and aggravated battery to a government official.

¶ 15        The trial court noted defendant maintained his innocence in his statement in allocution but noted it could also consider the evidence received during trial and the PSI. The court went on to state as follows:

> "There are a number of aggravating factors in this case and unfortunately not very many mitigating factors, unfortunately for [defendant]. You know, I don't see a lot of mitigating factors at all to be honest with you. I realize there was an argument I guess that his conduct didn't cause serious harm. So perhaps that's a mitigating factor, although it certainly is disgusting; and I don't think that anybody who signs up to work at the prison or anywhere else for that matter should be subjected to having urine thrown on them because they don't like what happened."

Although the charge involved an "unknown liquid," the court found the trial testimony established the liquid was urine. The court found there was no excuse for throwing urine at someone.

¶ 16        The trial court stated the offense was serious and carried a mandatory minimum of six years' imprisonment. The court further found deterrence was a very strong factor because similar incidents continued to occur. According to the court, defendant was close to his release date when he chose to engage in this conduct anyway. The court noted defendant's failure to follow the basic rules while confined caused concern for how he would act in public upon release. The court sentenced defendant to a term of 12 years' imprisonment. The court noted defendant would serve roughly five years if he qualified for all the good conduct credit and

stated, "You can still get out. Whether you choose to or not, is up to you. Your actions will speak louder than your words I think when that comes through."

¶ 17    In May 2018, defendant filed a motion to reconsider the sentence. In August 2018, the trial court denied the motion to reconsider the sentence. The court noted defendant's age and maturity had not led to better decision making where he was 54 years old when he committed the offense. Defendant's conduct demonstrated he was unprepared to abide by basic rules of respect for the correctional officers. The court stated, "Whether it was urine or water as he now claims, although at the time it was claimed to be urine, you know, that's a pretty denigrating act to do; and I don't think people sign up for that."

¶ 18    This appeal followed.

¶ 19                    II. ANALYSIS

¶ 20    On appeal, defendant argues the trial court erred by sentencing him to 12 years' imprisonment given the nature and circumstances of the offense and the low risk of harm he presented to society. Defendant also argues the trial court considered a factor inherent in the offense where it commented that correctional officers did not sign up to have urine thrown on them. We turn first to defendant's excessive sentence claim.

¶ 21                    A. Excessive Sentence

¶ 22    Defendant argues the 12-year sentence was excessive where the offense did not cause serious injury, he did not have a violent criminal history, and the ongoing Coronavirus Disease 2019 (COVID-19) pandemic placed defendant at risk.

¶ 23    Generally, the imposition of a sentence is within the sound discretion of the trial court. *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 8, 973 N.E.2d 459. Accordingly, "there is a strong presumption that the trial court based its sentencing determination on proper legal

- 5 -

reasoning, such that the trial court's sentencing decision is reviewed with great deference." *Id.*

"The trial court's determination will not be disturbed absent a showing of abuse of discretion [citations], or unless the trial judge relied on improper factors in imposing the sentence [citation]." *People v. Morgan*, 306 Ill. App. 3d 616, 633, 713 N.E.2d 1203, 1215 (1999). A sentence within the statutory limits for the offense will be disturbed only if the trial court abused its discretion. *People v. Flores*, 404 Ill. App. 3d 155, 157, 935 N.E.2d 1151, 1154 (2010). A trial court abuses its discretion when it imposes a sentence "greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *People v. Stacey*, 193 Ill. 2d 203, 210, 737 N.E.2d 626, 629 (2000).

¶ 24        Here, the trial court sentenced defendant to 12 years' imprisonment. The court concluded the need for deterrence and the seriousness of the offense warranted a sentence above the mandatory minimum sentence of six years' imprisonment. The 12-year sentence was 18 years below the statutory maximum sentence for the offense. Although defendant was charged with throwing an unknown liquid on Deal, the testimony at trial established the liquid was in fact urine. Based on the nature of the offense, we cannot say a sentence within the statutory guidelines was an abuse of discretion.

¶ 25        Defendant argues he did not have a history of violent criminal offenses. First, we note the PSI reflected defendant had 10 previous felony offenses, which suggests his potential for rehabilitation did not weigh in favor of a minimum sentence. We agree that most of defendant's prior offenses were nonviolent (5 of the 10 felony convictions were for drug offenses). However, defendant ignores a prior conviction for aggravated battery to a government official from 2008. Based on defendant's extensive criminal history, we conclude the trial court

did not abuse its discretion in sentencing defendant to a within guidelines sentence of 12 years' imprisonment.

¶ 26 We consider the threat of COVID-19 to be serious, but defendant has failed to provide this court with any information regarding the particular threat in defendant's correctional center. Nor does defendant provide any information regarding procedures in place to reduce the risk of transmission in his facility. Moreover, defendant does not indicate any increased risk factor beyond his age. Given the nature of the offense, defendant's extensive criminal history, and the need for deterrence, we conclude the trial court did not abuse its discretion in sentencing defendant to a term of 12 years' imprisonment.

¶ 27 B. Inherent Factor

¶ 28 Defendant argues the trial court considered a factor inherent in the offense where it commented that correctional officers did not sign up to have urine thrown on them. The State argues defendant forfeited his double enhancement argument by failing to preserve the claim in his motion to reconsider the sentence. Defendant concedes the double enhancement claim was not included in the motion to reconsider the sentence and asks this court to review the alleged error under the plain-error doctrine or as ineffective assistance of counsel.

¶ 29 Under the plain-error doctrine, the defendant must first demonstrate a clear or obvious error. *People v. Hillier*, 237 Ill. 2d 539, 545, 931 N.E.2d 1184, 1187 (2010). "In the sentencing context, a defendant must then show either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Id.*

¶ 30 In determining an appropriate sentence, the trial court may consider the seriousness, nature, and circumstances of the offense, including the nature and extent of the

elements of the offense. *People v. Saldivar*, 113 Ill. 2d 256, 271-72, 497 N.E.2d 1138, 1144 (1986). However, "it is well established that a factor inherent in the offense should not be considered as a factor in aggravation at sentencing." *People v. Dowding*, 388 Ill. App. 3d 936, 942, 904 N.E.2d 1022, 1028 (2009). The prohibition against consideration of a factor inherent in the offense " 'is based on the assumption that, in designating the appropriate range of punishment for a criminal offense, the legislature necessarily considered the factors inherent in the offense.' " *People v. McGath*, 2017 IL App (4th) 150608, ¶ 64, 83 N.E.2d 671 (quoting *People v. Phelps*, 211 Ill. 2d 1, 12, 809 N.E.2d 1214, 1220 (2004)).

¶ 31         "A sentence based on improper factors will not be affirmed unless the reviewing court can determine from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence." *People v. Heider*, 23 Ill. 2d 1, 21, 896 N.E.2d 239, 251 (2008). In determining whether the court afforded an improper factor significant weight such that remand would be required, this court may consider "(1) whether the trial court made any dismissive or emphatic comments in reciting its consideration of the improper factor; and (2) whether the sentence received was substantially less than the maximum sentence permissible by statute." *Dowding*, 388 Ill. App. 3d at 945.

¶ 32         Our review of the record in this case shows the trial court did not consider, in aggravation, a factor inherent in the offense. The trial court responded to defendant's argument that it should consider the fact no serious injury occurred as a factor in mitigation. In considering this argument, the court discussed the nature and circumstances of the offense and noted that correctional officers did not "sign up" for having urine thrown at them. Indeed, the court stated, "I don't think that anybody who signs up to work at the prison *or anywhere else for that matter* should be subjected to having urine thrown on them ***." (Emphasis added). The

court was clearly discussing the nature of the offense and never indicated it considered Deal's position as a correctional officer as an aggravating factor.

¶ 33        Because we find no error, defendant's plain-error claim must fail. Additionally, defendant cannot demonstrate ineffective assistance of counsel for failing to object to the trial court's sentencing remarks where those remarks were properly considering the nature and circumstances of the offense. For the foregoing reasons, we find the court did not abuse its discretion in sentencing defendant to 12 years' imprisonment, and we affirm the court's judgment.

¶ 34                         III. CONCLUSION

¶ 35        For the reasons stated, we affirm the trial court's judgment.

¶ 36        Affirmed.