Docket No. 108846.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. HOWARD J. HILLIER, Appellant.

*Opinion filed June 4, 2010.*

JUSTICE THOMAS delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Kilbride, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

Defendant, Howard J. Hillier, appeals from an appellate court decision holding that the trial court violated neither Illinois law nor defendant's fifth amendment rights when it ordered defendant to undergo a sex offender evaluation and then considered the results of that evaluation at sentencing. We hold that defendant has forfeited his arguments in a manner that precludes our review, and we thus affirm the appellate court's decision.

## BACKGROUND

Following a bench trial in the circuit court of Knox County, defendant was convicted of predatory criminal sexual assault of a child (720 ILCS 5/12–14.1(a)(1) (West 2006)). The State moved that

defendant be ordered to submit to a sex offender evaluation, and the trial court granted the motion. The trial judge explained that he believed that such an evaluation was required by law and that he could not proceed to sentencing without one. Defendant's only objection was that he had not received proper notice. Defense counsel stated that "there is also an objection to the motion to–for the sex offender specific evaluation due to lack or proper notice in this court as far as that goes, Your Honor." The trial judge explained that he had already granted the State's motion and was not going to revisit the issue. At no time did defense counsel argue that a sex offender evaluation was not required in this case because defendant was not eligible for probation.

Lisa Curry, a licensed clinical social worker, conducted the evaluation. The section of Curry's report that dealt with defendant's risk to reoffend explained that defendant scored a 6 on the STATIC 99 risk assessment. This meant that defendant was a high risk to reoffend:

> "Mr. Hillier scored a 6 on this risk assessment. Individuals with these characteristics, on average[,] sexually reoffend at 39% over five years, 45% over 10 years and 52% over 15 years. The rate for any violent recidivism (including sexual) for individuals with these characteristics is, on average, 44% over 5 years, 51% over 10 years and 59% over 15 years.
>
> Based on the STATIC 99 score this places Mr. Hillier in the high category or between the top 12% risk category relative to other male sexual offenders."

In sentencing defendant to a 20-year prison term, the trial court found that several aggravating factors were present: (1) defendant's conduct caused serious harm; (2) defendant has a history of prior delinquency or criminal activity; (3) the sentence is necessary to deter others from committing the same crime; and (4) defendant held a position of trust or supervision over the victim. The trial court commented on the harm that defendant had caused to the victim, explaining that defendant's crime would affect her for the rest of her life. The trial court described the impact on the victim as "immeasurable." Relative to the sex offender evaluation, the court stated that, "[t]his might be an entirely different situation had that assessment come back and said that you are not at risk of reoffending

-2-

but this, in fact, indicated that you were a higher risk of reoffending because of everything contained within that statement."

In his motion to reconsider sentence, defendant argued that the trial court failed to find the following factors in mitigation: (1) defendant neither contemplated nor caused serious physical harm; (2) defendant is willing to compensate the victim for any expenses occurring as a result of the offense; (3) defendant had no other arrests or convictions since 1994; and (4) defendant is unlikely to reoffend, given that he had not committed any other sex offenses, and the "Rapid Risk Assessment of Sex Offender Recidivism" included in the Presentence Investigation Report placed offenders with defendant's history and circumstances at a low risk of recidivism (4.4% to 6.5% over 5 to 10 years).

In denying the motion, the trial court explained that it did not believe that defendant had established the first three mitigating factors. With regard to the low risk to reoffend shown by the Rapid Risk Assessment, the trial court explained that it did not disregard that factor, but simply felt that the impact on the young victim was paramount.

Defendant appealed, and the appellate court affirmed. 392 Ill. App. 3d 66. Defendant raised three issues in the appellate court: (1) his guilt was not established beyond a reasonable doubt; (2) because his offense was nonprobationable, the trial court erred in ordering a sex offender evaluation; and (3) defendant's fifth amendment rights were violated when the trial court considered at sentencing defendant's compelled statements from the sex offender evaluation. Defendant's third argument was based on *Estelle v. Smith*, 451 U.S. 454, 68 L. Ed. 2d 359, 101 S. Ct. 1866 (1981). In *Estelle*, the defendant underwent a compelled pretrial psychiatric evaluation to determine if he was fit to stand trial. At the defendant's sentencing hearing, the prosecution, in trying to establish the defendant's future dangerousness, relied on statements defendant made during the fitness hearing. The Supreme Court held that the defendant's fifth amendment privilege against self-incrimination prohibited the introduction of the statements because the defendant had not been given *Miranda* warnings prior to the evaluation. *Estelle*, 451 U.S. at 466-69, 68 L. Ed. 2d at 371-73, 101 S. Ct. at 1875-76.

The appellate court rejected all of defendant's arguments. The

court held that the evidence was sufficient to prove him guilty beyond a reasonable doubt. 392 Ill. App. 3d at 69. On his other two issues, the court did not acknowledge or address the State's contention that defendant had forfeited review of these claims. The court held that, although the relevant statute did not require a sex offender evaluation in this situation, it did not prohibit it either. The court noted that the statute allows the trial court to order that supplementary information be included in the report. 392 Ill. App. 3d at 70, citing 730 ILCS 5/5–3–2(a)(6), (b) (West 2006). The court saw no reason to disallow a sex offender evaluation in a nonprobationary case if the trial court deemed it helpful in sentencing. In rejecting defendant's fifth amendment claim, the court relied on cases that have held that *Estelle* does not require that *Miranda* warnings be given prior to presentence interviews or psychosexual evaluations. 392 Ill. App. 3d at 72-73. Justice McDade dissented. Justice McDade agreed with defendant's fifth amendment and statutory claims, and also would have held *sua sponte* that the trial court's actions violated *Apprendi*.[1] 392 Ill. App. 3d at 73-80 (McDade, J., dissenting).

We allowed defendant's petition for leave to appeal. 210 Ill. 2d R. 315.


ANALYSIS

Defendant argues that the trial court erred when it ordered the sex offender evaluation. Pursuant to statute, the evaluation is required as part of the presentence investigation only when the defendant is eligible for probation, which defendant was not. See 730 ILCS 5/5–3–2(b–5) (West 2006); 20 ILCS 4026/16(a) (West 2006).[2]

---

[1]Defendant did not advance an *Apprendi* argument in either the appellate court or this court.

[2]The legislature has since amended section 5–3–2(b–5) to provide that, "In cases in which the offender is being considered for any mandatory prison sentence, the investigation shall not include a sex offender evaluation." Pub. Act. 96-322, § 5 eff. January 1, 2010 (amending 730 ILCS 5/5–3–2(b–5) (West 2008)). However, this amendment became effective on January 1, 2010, and is not relevant to this case.

Defendant has forfeited this claim. It is well settled that, to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required. *People v. Bannister*, 232 Ill. 2d 52, 76 (2008); see also 730 ILCS 5/5–8–1(c) (West 2006) ("[a] defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence"). Defendant's sole objection was when the trial court first stated that it would order the sex offender evaluation, and defendant objected only on the grounds of adequate notice. He did not argue that sex offender evaluations were required only when a defendant is eligible for probation. Moreover, he failed to object when the evaluation was presented at the sentencing hearing and when the trial court relied on the evaluation in fashioning a sentence. Defendant then failed to present this claim in his motion to reconsider the sentence.

Consequently, we may review this claim of error only if defendant has established plain error. See 134 Ill. 2d R. 615(a). The plain-error doctrine is a narrow and limited exception. *Bannister*, 232 Ill. 2d at 65. To obtain relief under this rule, a defendant must first show that a clear or obvious error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). In the sentencing context, a defendant must then show either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing. *People v. Hall*, 195 Ill. 2d 1, 18 (2000). Under both prongs of the plain-error doctrine, the defendant has the burden of persuasion. *People v. Naylor*, 229 Ill. 2d 584, 593 (2008); *People v. Herron*, 215 Ill. 2d 167, 187 (2005). If the defendant fails to meet his burden, the procedural default will be honored. *Naylor*, 229 Ill. 2d at 593.

Defendant has failed to meet his burden of establishing plain error. A defendant who fails to argue for plain-error review obviously cannot meet his burden of persuasion. As we explained in *People v. Nieves*, 192 Ill. 2d 487, 502-03 (2000), when a defendant fails to present an argument on how either of the two prongs of the plain-error doctrine is satisfied, he forfeits plain-error review. Here, defendant's response to the State's forfeiture argument was to argue that the State forfeited its forfeiture argument by failing to raise it in

the appellate court.[3] Defendant did not argue for plain-error review. Defendant's only other response to the State's forfeiture argument was to cite *People v. Bryant*, 128 Ill. 2d 448, 453-54 (1989), for the proposition that a constitutional challenge to a statute can be raised at any time. Given that defendant is not challenging the constitutionality of any statute, it is unclear why he believes this citation helps him.

Importantly, defendant does not argue that the trial court's order for defendant to submit to a sex offender evaluation was void. A void order can be attacked at any time. *People v. Thompson*, 209 Ill. 2d 19, 25 (2004). Rather, defendant challenges the appellate court's reasons for upholding the order. As we explained above, the appellate court held that, although the statute did not *require* a sex offender evaluation, the trial court had the discretionary authority to order one under the provision that allows trial courts to order that supplementary information be included in the presentence report. Defendant argues, in his brief, that this was error:

"As argued above, while the Appellate Court correctly noted that the trial court has discretion to request other relevant information not specified in 720 ILCS 5/5–3–2 , the trial court in this case did not exercise any discretion. Indeed, it thought that it had no discretion, but that a sex offender evaluation was mandated. A reviewing court cannot defer to the trial court in the absence of an exercise of discretion."

In other words, defendant does not argue that an order for a sex offender evaluation in a nonprobationable case is an unlawful order, but rather that the trial court's reason for ordering the evaluation in this case was erroneous. This is a forfeitable claim, and defendant can prevail only if he meets his burden of establishing plain error. He has not attempted to meet that burden, and we will therefore honor defendant's procedural default.

In a two-sentence argument, defendant echoes the appellate court dissent's argument that the trial court's error resulted in an

---

[3]The State filed copies of the appellate court briefs with this court to establish that it did indeed argue forfeiture in the appellate court, and defendant conceded this point at oral argument.

unauthorized sentence. A sentence not authorized by statute is void. *People v. Williams*, 179 Ill. 2d 331, 336 (1997). However, defendant's 20-year sentence was well within the statutory range for the Class X felony of predatory criminal sexual assault of a child (see 720 ILCS 5/12–14.1(a)(1), (b)(1) (West 2006); 730 ILCS 5/5–8–1(a)(3) (West 2006)), and he thus received an authorized sentence.

Defendant next argues that his fifth amendment rights were violated when the trial court compelled him to undergo a sex offender evaluation and he was not warned that his statements to the evaluator would be used to enhance his sentence. This claim is likewise forfeited. Not only has this court held that *Estelle* claims may be forfeited, this court has described a similar forfeiture as exemplifying the logic behind the forfeiture rule. In *People v. Hampton*, 149 Ill. 2d 71 (1992), an employee of Madison County Probation and Court Services, Linda Van Dyke, interviewed the defendant at the Madison County jail. This interview was conducted so that Van Dyke could prepare a presentence report. Relying on *Estelle*, the defendant argued that the introduction at his sentencing hearing of his statements to Van Dyke violated his fifth amendment privilege against self-incrimination. This court held that the defendant had forfeited review of this issue when he did not move to suppress his statements to Van Dyke prior to the sentencing hearing, did not object at the sentencing hearing to Van Dyke's testimony or to the trial court's consideration of the presentence report, and did not raise the issue in his postsentencing motion. *Hampton*, 149 Ill. 2d at 99.

This court then elaborated on why it had no choice but to find the claim forfeited:

> "The logic behind the waiver rule is exemplified by this case. Had defendant moved to suppress his statements or objected on fifth amendment grounds in a timely manner at the sentencing hearing, inquiry could have been made into whether he was in fact given *Miranda* warnings by Van Dyke. As it stands, there is no indication in the record as to whether or not Van Dyke gave defendant *Miranda* warnings prior to the interview. Likewise, had the issue been raised in defendant's post-sentencing motion, the trial court could have conducted a hearing at which it could have been determined

whether *Miranda* warnings were given. Thus, defendant's failure to adequately preserve the issue has left this court with a record completely barren of any indication as to whether defendant was or was not given *Miranda* warnings prior to being interviewed by Van Dyke." *Hampton*, 149 Ill. 2d at 99-100.

As the State points out, we have the same problem here. Had the defendant raised the issue in a timely fashion, a hearing could have been held to determine if defendant had, in fact, received *Miranda* warnings before the sex offender evaluation. As it stands now, however, the record is silent on this issue. It is possible that defendant did receive *Miranda* warnings and expressly waived his privilege against self-incrimination. The only distinction between *Hampton* and the present case is that the defendant in that case did not affirmatively state in his brief that he did not receive *Miranda* warnings, whereas defendant does make that claim.

Nevertheless, this is a distinction without a difference. We presumed in *Hampton* that defendant's reliance on *Estelle* meant that he was arguing that *Miranda* warnings were necessary when a probation officer interviews a defendant for a presentence report. *Hampton*, 149 Ill. 2d at 98. Moreover, defendant's claim in his brief that he did not receive *Miranda* warnings is no substitute for that fact being established in the record. As we explained in *Hampton*, "[t]he plain error exception will be invoked only where the record *clearly* shows that an alleged error affecting substantial rights was committed." (Emphasis in original.) *Hampton*, 149 Ill. 2d at 102; see also *People v. Young*, 128 Ill. 2d 1, 46 (1989). Because defendant failed to make a record on this issue in the trial court, the record cannot clearly demonstrate a violation of defendant's fifth amendment rights. And this, of course, is simply another problem on top of the fact that defendant failed to argue for plain-error review on this issue, too. Defendant cannot meet his burden of persuasion on either prong of the plain-error rule because he has failed to argue plain error and the face of the record shows no error, let alone a clear and obvious one. As with defendant's statutory claim, we find this argument forfeited.

It is always regrettable when this court allows leave to appeal on an issue that it deems sufficiently important for our consideration and

then must find the issue forfeited. We would be remiss if we did not point out, however, that this almost certainly would not have happened if the appellate court had conducted a proper forfeiture analysis. We remind the appellate court that when the State asserts that a defendant has forfeited review of an issue, the court must first determine if the State is correct. If the reviewing court finds that the defendant forfeited the issue, then the court must hold the defendant to his burden of demonstrating plain error. Had the appellate court followed proper procedure in this case, it likely would not have generated an opinion discussing a question of general importance (see 210 Ill. 2d R. 315(a)).

In sum, we agree with the appellate court that the circuit court's judgment must be affirmed, but we affirm the appellate court's judgment for reasons other than those stated in the appellate court opinion. See *People v. Hopkins*, 235 Ill. 2d 453, 458 (2009) (explaining that this court is in no way constrained by the appellate court's reasoning and may affirm on any basis supported by the record), citing *People v. Durr*, 215 Ill. 2d 283, 296 (2005). Because defendant forfeited review of his statutory and fifth amendment claims and did not argue plain error, the appellate court should not have reached the merits of those issues.

For all of the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed*.