NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

FILED
October 21, 2020
Carla Bender
4th District Appellate
Court, IL

2020 IL App (4th) 190786-U

NO. 4-19-0786

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JODIE YANEK, | ) | No. 17CF141 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Knecht and Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed, concluding the trial court did not err in considering, in aggravation, defendant's conduct caused serious harm.

¶ 2     In August 2017, defendant, Jodie Yanek, pleaded guilty to two counts of unlawful delivery of a controlled substance. In November 2017, the trial court sentenced defendant to concurrent terms of six years' imprisonment followed by two years of mandatory supervised release (MSR). In March 2018, the court denied defendant's motion to reconsider her sentence. On appeal, this court granted an agreed remand for the filing of a proper Rule 604(d) certificate. Following remand, the court again denied defendant's motion to reconsider her sentence.

¶ 3     Defendant appeals, arguing the trial court denied defendant a fair sentencing hearing when it considered in aggravation a factor inherent in the offense and considered a mitigating factor in aggravation. For the following reasons, we affirm the trial court's judgment.

¶ 4                                      I. BACKGROUND

¶ 5         In May 2017, the State charged defendant with two counts of unlawful delivery of a controlled substance, alleging defendant, on two occasions, delivered a substance containing heroin to a confidential police source. In August 2017, defendant entered an open plea to both counts of unlawful delivery of a controlled substance. The trial court accepted the plea after finding defendant knowingly and voluntarily entered the plea.

¶ 6         In November 2017, the trial court held a sentencing hearing. The State recommended an eight-year prison term. In making its recommendation, the State argued as follows:

> "As factors in aggravation, the State would especially like to point out today for Your Honor to consider deterrence, not just for this Defendant as punishment for what she's done but in the form of deterrence for the community as a whole that the sale and delivery of toxic substances like heroin are not going to be allowed; that they are going to be faced with extreme ramifications. Clearly this is an offense the Defendant knew she was doing wrong as noted in the [presentence investigation report]. She continued to do it anyway."

The State argued defendant's actions threatened harm to the community because heroin "caused overdoses in the past and will likely cause overdoses in the future." The State also noted defendant's prior history of delinquency, including a misdemeanor battery and a misdemeanor theft. According to the State, the threat of harm to the community necessitated a prison sentence.

¶ 7        Defense counsel highlighted defendant's lack of a criminal record should be a factor in mitigation where defendant received supervision on her prior misdemeanors, making the present case defendant's first felony conviction. Counsel argued defendant engaged in unlawful conduct not to prey on society for money but rather to further her addiction. Although defendant admitted participating in the drug dealing operation, counsel pointed to defendant's boyfriend, Harry Bohannon, as the driving force behind the operation. Counsel suggested defendant was a candidate for intensive drug probation and societal resources were better utilized trying to return defendant to a productive member of society, rather than housing defendant in prison.

¶ 8        Defendant apologized for the hurt her actions inflicted on her children and her community. Defendant mentioned her yearslong struggle with addiction, acknowledged she needed help, and expressed her belief a structured program would allow her to get better.

¶ 9        In imposing sentence, the trial court began by noting the serious offense to which defendant entered her plea and the legislative mandate requiring "[c]ourts to give this some serious consideration as one of the worst offenses." The court expressed it was not as simple as defendant struggling with addiction and needing help in determining whether probation was appropriate. The court pointed out the legislature identified heroin as a "highly toxic controlled substance," the sale of which warranted the most severe penalties. The court recognized its statutory obligation to impose probation unless it found defendant was a threat to the community or that a probation sentence would deprecate the serious nature of the offense and be inconsistent with the ends of justice. The court found defendant was "not a threat of harm directly to the community," but noted "there is a factor in aggravation that your conduct threatened or caused serious harm. I'll get to that in a minute."

¶ 10      The trial court went on to state as follows:

"There are a number of aggravating factors that do stand out in this case. Deterrence is a very strong factor. There's a difference between somebody who's an addict and is part of the problem and somebody who is a dealer and contributing to the problem. I understand the argument that you are dealing to support your habit. But that only gets you so far. I mean, you are still, deterrence is still a very, very strong factor in this case. It simply is not acceptable to be dealing drugs in our community to the level that you were dealing drugs in our community.

This wasn't a one time, [']oh, I made a mistake.['] This was a pattern of conduct. You were an active participant. I think you acknowledge that. But you were an active participant in both of these deliveries, and it was an operation that you went into with your eyes open.

You know, sometimes, sometimes I struggle because I expect these types of decisions to be made by I guess what are called emerging youth, you know, 19, 20, 21 year old kids that are not making very good decisions. You are a grown adult and capable of making much better decisions. And at this point in your life, I would expect you to choose right over wrong because you understand the consequences of that.

- 4 -

So deterrence is a factor for a, for anybody that would be considering selling drugs, especially if they were in a similar situation that you are.

I also believe that your conduct caused or threatened serious harm. We have overdoses very regularly here in this community, and that causes first responders to be out in the community. That heightens the potential for danger when they are, or not danger, but accidents when they are out and responding to overdoses. It takes them away from other things that they could be doing. So I also believe that that's a strong factor in aggravation.

In mitigation, I would agree with [defense counsel] that your prior record is a mitigating factor in this case. So I recognize that you've been a relatively law-abiding citizen. Again, that tells me that you should have known better at this point in your life. I mean, that's kind of what I'm struggling with. Addiction is one thing; but to, you know, to take it to this next level I think really is a pretty serious concern."

The court stated it considered all the specific statutory factors and found probation would deprecate the seriousness of the offense. The court sentenced defendant to concurrent sentences of six years' imprisonment followed by two years of MSR.

¶ 11    In December 2017, defendant filed a motion to reconsider her sentence, arguing the trial court failed to consider factors in mitigation. In March 2018, the trial court denied the motion to reconsider sentence, noting the mitigating factors were taken into consideration and

the sentence was on the lower end of the sentencing range. On appeal, this court granted an agreed remand for the filing of a proper Rule 604(d) certificate.

¶ 12 On remand, defense counsel filed a proper Rule 604(d) certificate. At the hearing on remand, counsel relied on the prior motion to reconsider defendant's sentence. The trial court considered the arguments and found the aggravating factors outweighed the mitigating factors. The court further found probation would deprecate the seriousness of the offense. Accordingly, the court denied the motion to reconsider defendant's sentence.

¶ 13 This appeal followed.

¶ 14 II. ANALYSIS

¶ 15 On appeal, defendant argues the trial court denied defendant a fair sentencing hearing when it considered, in aggravation, a factor inherent in the offense and considered a mitigating factor in aggravation. Specifically, defendant argues the trial court improperly considered (1) defendant's delivery of a controlled substance caused serious harm to the community where this factor was inherent in the offense and (2) defendant's history as a law abiding citizen as a factor in aggravation. The State argues defendant forfeited these arguments because defendant failed to object at the sentencing hearing and raise the claims in her motion to reconsider sentence.

¶ 16 Both a trial objection and a written posttrial motion raising the issue are required to preserve an alleged error that could have been raised during trial. *People v. Enoch*, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130 (1988). The failure to raise the issue in an objection and a written posttrial motion results in forfeiture of the issue on appeal. *Id.*

¶ 17 Defendant's failure to object to the trial court's consideration of the serious harm to the community as a factor in aggravation and its alleged consideration of defendant's history

as a law abiding citizen as a factor in aggravation and her failure to preserve these issues in the motion to reconsider sentence results in the forfeiture of these issues on appeal. *People v. Williams*, 2018 IL App (4th) 150759, ¶ 15, 99 N.E.3d 590. Defendant asks this court to review the alleged error under the plain-error doctrine.

¶ 18 Under the plan-error doctrine, the defendant must first demonstrate a clear or obvious error. *People v. Hillier*, 237 Ill. 2d 539, 545, 931 N.E.2d 1184, 1187 (2010). "In the sentencing context, a defendant must then show either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Id.*

¶ 19 The determination of a sentence is generally within the sound discretion of the trial court. *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 8, 973 N.E.2d 459. There is a strong presumption the trial court based its sentencing decision on proper legal reasoning, and that decision is reviewed with great deference. *Id.* "The presumption is overcome only by an affirmative showing that the sentence imposed varies greatly from the purpose and spirit of the law or manifestly violates constitutional guidelines." *Id.* Whether the court relied on an improper factor in making its sentencing determination presents a question of law we review *de novo*. *Id.*

¶ 20 The prohibition against consideration of a factor inherent in the offense " 'is based on the assumption that, in designating the appropriate range of punishment for a criminal offense, the legislature necessarily considered the factors inherent in the offense.' " *People v. McGath*, 2017 IL App (4th) 150608, ¶ 64, 83 N.E.3d 671 (quoting *People v. Phelps*, 211 Ill. 2d 1, 12, 809 N.E.2d 1214, 1220 (2004)). However, the trial court may consider the nature and circumstances of the offense, including the nature and extent of each element of the offense.

*People v. Saldivar*, 113 Ill. 2d 256, 268, 497 N.E.2d 1138, 1143 (1986). "It is not improper *per se* for a sentencing court to refer to the significant harm inflicted upon society by drug trafficking." *People v. McCain*, 248 Ill. App. 3d 844, 852, 617 N.E.2d 1294, 1300 (1993).

¶ 21 We note the similarities between this case and *McGath*. First, the trial court is the same judge who presided in *McGath*. Second, the court's challenged comments are similar to those made in *McGath*. In this instance, we come to the same conclusion we reached in *McGath*. As we pointed out in *McGath*, "a trial court may discuss the impact a drug offense has on the community without" improperly considering a factor implicit in the offense as a factor in aggravation. Here, the trial court properly expounded on why defendant faced such a serious penalty in terms of the legislative view of her offenses and the court's obligations when sentencing defendant. Thus, we find no error in the trial court's comments.

¶ 22 Finally, even if we had determined the court improperly considered the harm caused to society, we would still find defendant's claim to be without merit. "A sentence based on improper factors will not be affirmed unless the reviewing court can determine from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence." *People v. Heider*, 231 Ill. 2d 1, 21, 896 N.E.2d 239, 251 (2008). Where we are unable to determine the weight given to an improper factor, we remand for resentencing. *McCain*, 248 Ill. App. 3d at 853.

¶ 23 When we view the court's statements as a whole, they indicate the weight placed on this consideration did not lead to a greater sentence. The primary factor in aggravation cited by the court was deterrence. The court repeatedly indicated its sentence was intended to deter others from engaging in the delivery of controlled substances, particularly if their circumstances were similar to those of defendant. Although defendant was eligible for probation, the court

repeatedly stated it believed probation would deprecate the seriousness of defendant's offense. The record makes it evident the court would not have sentenced defendant to probation even if it did not consider the harm caused to society by the delivery of controlled substances. Moreover, the court sentenced defendant to a term at the low end of the sentencing range of 4 to 15 years' imprisonment and two years below the State's recommended sentence of eight years' imprisonment. Finally, the court had the opportunity to reconsider defendant's sentence twice— once on defendant's motion to reconsider and a second time following remand for compliance with Rule 604(d). The court never mentioned the harm to society during either of the reconsideration hearings, although it repeatedly acknowledged the mitigating factors.

¶ 24       Based on our review of the record, we conclude the trial court did not err in considering, in aggravation, a factor inherent in the offense of delivery of a controlled substance. However, even if the court did err, the record shows the weight given this factor did not lead to a greater sentence where the court repeatedly found probation would deprecate the seriousness of the offense, the primary factor in aggravation was deterrence, and defendant's sentence was only two years more than the statutory minimum.

¶ 25       Defendant also argues the trial court improperly considered defendant's history as a law-abiding citizen as a factor in aggravation where it stated defendant's lack of a criminal history meant she "should have known better at this point in [her] life." However, the record contradicts this argument. The trial court specifically stated it found defendant's lack of a criminal history was a factor in mitigation. Although the court stated defendant "should have known better," the court's statement, taken in context and read as a whole, referred to an earlier statement that defendant was "a grown adult and capable of making much better decisions." The court further stated, "And at this point in your life, I would expect you to choose right over

wrong because you understand the consequences of that." As noted, the court expressly considered defendant's history as a law-abiding citizen as a factor in mitigation, and we find no error. Given our determination the court did not err, defendant's plain-error claims fail.

¶ 26    Accordingly, we affirm the judgment of the trial court.

¶ 27                              III. CONCLUSION

¶ 28    For the reasons stated, we affirm the trial court's judgment.

¶ 29    Affirmed.