NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230590-U

NO. 4-23-0590

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 14, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* N.K.-W., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Tazewell County |
| Petitioner-Appellee, | ) | No. 21JA288 |
| v. | ) | |
| Sharome K., | ) | Honorable |
| Respondent-Appellant). | ) | David A. Brown, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:    The appellate court affirmed, concluding the trial court did not violate
respondent's due-process rights because the court did not erroneously shift the
State's burden of proof to respondent during the best interest hearing.

¶ 2     In January 2023, the State filed a motion to terminate the parental rights of

respondent, Sharome K., as to his minor child, N.K.-W. In June 2023, the trial court granted the

State's petition and terminated respondent's parental rights. The court also terminated the

parental rights of N.K.-W.'s mother, Barbara A., who is not a party to this appeal. On appeal,

respondent argues the court erroneously shifted the burden of proof to him. Respondent asks this

court to reverse and remand for a new best interest hearing. He does not otherwise challenge the

court's fitness or best-interest determinations. We affirm.

¶ 3                                        I. BACKGROUND

¶ 4        N.K.-W. was born on October 21, 2021. Five days later, the State filed a shelter-care petition alleging N.K.-W. was neglected pursuant to section 2-3(1)(b) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/2-3(1)(b) (West 2020)) due to being in an environment injurious to her welfare. Specifically, the State alleged respondent and Barbara were found unfit and had not completed services that would restore them to fitness in another pending juvenile neglect case.

¶ 5        In an October 2021 temporary custody order, the trial court found there was probable cause to believe N.K.-W. had been neglected and placed her in the temporary custody of the guardian administrator of the Illinois Department of Children and Family Services (DCFS). In March 2022, the court entered an adjudicatory order, finding N.K.-W. was neglected. The court also entered a dispositional order, which found respondent and Barbara unfit, made N.K.-W. a ward of the court, and placed guardianship with DCFS.

¶ 6        In January 2023, the State filed a petition seeking termination of respondent's parental rights. The State alleged respondent was (1) unfit for failing to make reasonable progress toward the return of N.K.-W. during the nine-month period from March 2, 2022, through December 2, 2022 (750 ILCS 50/1(D)(m)(ii) (West 2022)) (count II); (2) depraved based on three prior felony convictions (*id.* § 1(i)) (count III); and (3) unfit due to respondent's ongoing incarceration at the time the petition was filed and repeated past incarcerations (*id.* § 1(D)(s)) (count IV). (Count I alleged the unfitness of Barbara only.)

¶ 7        In May 2023, the trial court conducted a fitness hearing. Respondent was present and in the custody of the Illinois Department of Corrections (DOC). Respondent denied the State's allegations against him. Following witness testimony and argument, the court found the State proved respondent unfit by clear and convincing evidence as to counts II and III but failed

to prove unfitness as to count IV. The State filed a motion to reconsider the court's finding as to count IV.

¶ 8        In June 2023, the matter proceeded to a best interest hearing. Respondent was once again present and in the custody of DOC. The trial court first granted the State's motion to reconsider, finding the State proved respondent unfit as to count IV by clear and convincing evidence.

¶ 9        Next, the trial court stated it had received and reviewed the best interest report from the agency. The report indicated respondent failed to complete a drug and alcohol assessment, consistently complete drug drops, complete a parenting course and a domestic violence course, engage in individual counseling, regularly visit with N.K.-W., or obtain stable employment. The last visit respondent had with N.K.-W. was on February 14, 2022. Respondent was additionally untruthful about his continuing relationship with Barbara and repeatedly contacted her by phone while he was incarcerated. The report concluded termination of parental rights was in the best interest of N.K.-W. and recommended the permanency goal be changed to adoption.

¶ 10        LaDonna Boken-Buckley, a FamilyCore caseworker, testified she had been assigned to this case since N.K.-W.'s birth. Boken-Buckley confirmed respondent had not regularly attended his visits with N.K.-W. She was also unsure of whether respondent and N.K.-W. had formed a bond due to the length of time since their last visit. Respondent had not requested visits or sent any gifts to N.K.-W. while he was in prison.

¶ 11        Tiffany R. testified she had been N.K.-W.'s foster mother since April 2022. Tiffany confirmed she was currently in the process of adopting N.K.-W.'s sibling and expressed her wish to also adopt N.K.-W. Tiffany described N.K.-W.'s home and social life, noting N.K.-

W. regularly attends daycare, church, and family events. She stated N.K.-W. has friends at daycare and in the neighborhood, and N.K.-W. has bonded with Tiffany's husband and her extended family members. N.K.-W. has her own bedroom in the foster home and enjoys playing with toy dolls and strollers.

¶ 12　　　　Respondent did not present evidence.

¶ 13　　　　In its closing argument, the State argued all the relevant best interest factors favored termination of parental rights. The guardian *ad litem* (GAL) asked the trial court to find the State had met its burden. The GAL also asked the court to "find pretty much all of the factors weigh heavily in favor of termination with the exception of the child's wishes which would be neutral given the child's age." Respondent's counsel requested the court find the State had not met its burden and to deny the State's termination petition.

¶ 14　　　　At the conclusion of closing arguments, the trial court made the following findings:

> "The Court has considered the evidence that was presented here today. I've reviewed and considered the Best Interest Hearing Report. I'm familiar with the record that was established during the trial portion of the fitness trial. I'm also familiar with the general progress of the case having presided over it for the last year and a half.
>
> Taking all of that into consideration as well as evaluating the statutory best interest factors, the Court would find as follows: I do find that at this point in time with [respondent]'s incarceration and mom's general lack of engagement in the case that neither parent is likely to be able to provide any sense of permanency or stability for [N.K.-W.] at any time in the near future. The child is coming up on

two years of age and has spent the majority of her, the vast majority of her life in substitute care including 14 or more months now I guess, 14 months basically with the foster parents in the placement with her sibling.

The child's physical safety and welfare, sense of attachment, security and familiarity, continuity of affection, least disruptive placement, community ties including daycare, friends and church, and need for permanence all weigh in favor of terminating the parental rights of mom and [respondent]. I agree with the GAL's assessment that [N.K.-W.]'s wishes are a neutral factor because of her age, but, really, none of the statutory factors weigh against termination at this point in time.

And so the Court will find that the State has proven by a preponderance of the evidence that it is, that the best interests of [N.K.-W.] would be served by the termination of the parental rights of Barbara [A.] and [respondent]."

No objections were made by respondent's counsel. The court retained wardship over N.K.-W., named DCFS as her guardian with the right to consent to adoption, and changed the permanency goal to adoption.

¶ 15    This appeal followed.

¶ 16                        II. ANALYSIS

¶ 17    The only issue respondent raises on appeal is whether the trial court violated his due-process rights by improperly shifting the burden of proof to him during the best interest hearing. Specifically, he challenges the court's statement that "none of the statutory factors weigh against termination at this point in time." According to respondent, this statement alone shows the court erroneously believed the burden of proof rested with respondent.

¶ 18　　　　In his reply brief, respondent acknowledges trial counsel likely failed to preserve his argument by not objecting in the trial court but asks this court to review for plain error. See *In re M.W.*, 232 Ill. 2d 408, 430-31 (2009) (failing to object at trial forfeits consideration of the claimed error on appeal unless the respondent can prove plain error). The State made no argument based on forfeiture, and a reviewing court may consider a respondent's plain-error argument raised for the first time in a reply brief. See, *e.g.*, *People v. Williams*, 193 Ill. 2d 306, 348 (2000); *People v. Thomas*, 178 Ill. 2d 215, 235 (1997). As such, we find it appropriate to address respondent's plain-error argument.

¶ 19　　　　The plain-error doctrine has been applied in juvenile abuse and neglect cases and is a narrow and limited exception to the forfeiture rule. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010); *In re Andrea D.*, 342 Ill. App. 3d 233, 242 (2003). Illinois Supreme Court Rule 615(a) (eff. Jan. 1, 1967) provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." The reviewing court will consider unpreserved error where the evidence is closely balanced or the error affected substantial rights. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 20　　　　The first step of plain-error analysis is to determine whether any error occurred at all. *People v. Sargent*, 239 Ill. 2d 166, 189 (2010). "This requires a substantive review of the issues raised on appeal." *In re Z.J.*, 2020 IL App (2d) 190824, ¶ 51. "If clear or obvious error did not occur, no plain error analysis is necessary." *Id.*

¶ 21　　　　Here, we find no error occurred with respect to the allocation of the burden of proof. " 'The [trial] court is presumed to know the law and to apply it properly, absent an affirmative showing to the contrary in the record.' " *Vance v. Joyner*, 2019 IL App (4th) 190136, ¶ 91 (quoting *Cavitt v. Repel*, 2015 IL App (1st) 133382, ¶ 64). This presumption extends to

correctly allocating the burden of proof. See *People v. Howery*, 178 Ill. 2d 1, 32-33 (1997). At a best interest hearing, the State must demonstrate, by a preponderance of the evidence, termination of parental rights is in the minor's best interest. *In re D.T.*, 212 Ill. 2d 347, 366-67 (2004).

¶ 22 Nothing in the trial court's statement indicates the court believed respondent carried the burden of proof. The court must consider the statutory factors listed under the Juvenile Court Act (705 ILCS 405/1-3(4.05) (West 2022)), either for or against parental termination, at the best interest hearing. In reaching its decision, the court articulated its analysis on the record regarding how it weighed the statutory factors in respondent's case. The court provided its findings only after reviewing the best interest report, listening to testimony from the caseworker and the foster mother, and hearing arguments from the State and the GAL. The court never suggested respondent needed to prove the best interest factors weighed against parental termination to prevail at the hearing.

¶ 23 Moreover, we find any perceived ambiguity in the above statement is attributable to respondent taking the trial court's remarks out of context. Immediately following the statement challenged by respondent, the court stated: "And so the court will find that *the State has proven by a preponderance of the evidence* that it is, that the best interest of [N.K.-W.] would be served by termination of the parental rights of Barbara [A.] and [respondent]." (Emphasis added.) The court clearly and obviously allocated the burden of proof to the State. Notably, respondent makes no attempt to address this statement in either his initial or reply brief.

¶ 24 Accordingly, respondent failed to prove clear error as the trial court did not erroneously shift the burden of proof to him during the best interest hearing.

¶ 25 III. CONCLUSION

¶ 26       For the reasons stated, we affirm the trial court's judgment.

¶ 27       Affirmed.