2024 IL App (1st) 230309-U

FIFTH DIVISION
October 18, 2024

No. 1-23-0309

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 00 CR 11338 |
| | ) | |
| DANIEL RODRIGUEZ, | ) | Honorable |
| | ) | Thomas J. Byrne, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices Mitchell and Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The parties agree that we should vacate defendant's sentence and remand with instructions because the circuit court erred in resentencing defendant as an adult after the amendment to the Juvenile Court Act raised the age for automatic transfer to 16.

¶ 2    Following a jury trial, defendant Daniel Rodriguez was found guilty of first degree murder and sentenced to 45 years in prison. On review of Mr. Rodriguez's appeal from the circuit court's denial of his petition for postconviction relief, this court vacated Mr. Rodriguez's sentence as unconstitutional under *People v. Buffer*, 2019 IL 122327, because he was 15 years old at the time of the offense and his 45-year sentence constituted *de facto* life imprisonment. Following a new

sentencing hearing in adult criminal court, the circuit court imposed a sentence of 32 years.

¶ 3    On appeal, Mr. Rodriguez argues first that he should not have been sentenced as an adult, since the age for automatic transfer had been raised to 16 by the time he was resentenced and the State never filed a motion seeking a transfer to adult court. He contends and the State agrees that his sentence should be vacated and the State allowed an opportunity to file a motion requesting that he be sentenced in adult criminal court, pursuant to section 5-130(1)(c)(ii) of the Juvenile Court Act (Act) (705 ILCS 405/5-130(1)(c)(ii) (West 2022)). Mr. Rodriguez argues in the alternative that his 32-year sentence was excessive. We vacate Mr. Rodriguez's sentence and remand to allow the State to file a motion to proceed in adult criminal court. This remand moots any consideration of Mr. Rodriguez's alternative claim that his sentence was excessive.

¶ 4                                    I. BACKGROUND

¶ 5    We recite only the necessary facts to dispose of the issues here.

¶ 6    The State charged Mr. Rodriguez with first degree murder in the drive-by shooting death of Ricardo Vasquez, which occurred on April 1, 2000. Mr. Rodriguez was 15 years old at the time of the offense and, since he had been charged with first degree murder, was subject at the time of his trial to automatic transfer to adult criminal court. See 705 ILCS 405/5-130(1)(a) (West 2000). However, this statute was later amended to raise the age of automatic transfer from 15 years old to 16 years old, effective January 1, 2016. See Pub. Act 99-258 (eff. Jan. 1, 2016) (amending 705 ILCS 405/5-130(1)(a)).

¶ 7    Mr. Rodriguez was convicted of this murder and sentenced to 45 years in prison. His sentence included a mandatory 25-year enhancement for personally discharging the firearm that proximately caused the death of Mr. Vasquez. This sentence was consecutive to a 20-year sentence imposed in an unrelated case. We affirmed Mr. Rodriguez's conviction and sentence on direct

appeal. *People v. Rodriguez*, 387 Ill. App. 3d 812 (2008).

¶ 8    On November 4, 2009, Mr. Rodriguez filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2008)). The circuit court denied the petition. On appeal, this court reversed, vacated Mr. Rodriguez's sentence and remanded for resentencing. *People v. Rodriguez*, 2018 IL App (1st) 160030. Subsequently, pursuant to a supervisory order from our supreme court to consider the impact of *People v. Buffer*, 2019 IL 122327 (*People v. Rodriguez*, No. 124174 (Ill. Mar. 25, 2020)), we again determined that resentencing was warranted and remanded for a new sentencing hearing where the circuit court would have the discretion to not impose the 25-year firearm enhancement. *People v. Rodriguez*, 2020 IL App (1st) 160030-UB, ¶¶ 7, 69, 73.

¶ 9    On January 20, 2023, the circuit court held a resentencing hearing in adult criminal court. The State did not file a motion requesting that Mr. Rodriguez be resentenced in that court, and Mr. Rodriguez did not object or argue he was instead entitled to resentencing in juvenile court.

¶ 10    In aggravation, the State presented a certified copy of Mr. Rodriguez's prior conviction for aggravated kidnapping and attempted murder. In addressing the juvenile sentencing factors under section 5-4.5-105 of the Unified Code of Corrections (730 ILCS 5/5-4.5-105 (West 2022)), the State mentioned that Mr. Rodriguez's mother suffered physical abuse from his father; Mr. Rodriguez had gang affiliations, and the shooting was gang-motivated based on retaliation; he had "meaningful participation" in the shooting because he was the shooter; and he showed no remorse for his actions. In mitigation, defense counsel argued that Mr. Rodriguez was not the shooter in the aggravated kidnapping and attempted murder case, he was "young" at the time of the offense, and he did not have a father.

¶ 11    In allocution, Mr. Rodriguez stated that he was young at the time of the offense. He

apologized to Mr. Vasquez's family for his car being used during the murder, though he maintained he "was not the shooter."

¶ 12    The circuit court declined to impose the 25-year firearm enhancement and sentenced Mr. Rodriguez to 32 years in prison. Mr. Rodriguez did not file a motion to reconsider his sentence.

¶ 13                               II. JURISDICTION

¶ 14    Mr. Rodriguez was resentenced on January 20, 2023, and he timely filed his notice of appeal on February 14, 2023. We have jurisdiction over this appeal under article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013) and Rule 606 (eff. Mar. 12, 2021), governing appeals from final judgments in criminal cases.

¶ 15                               III. ANALYSIS

¶ 16    On appeal, Mr. Rodriguez argues that (1) his sentence should be vacated and the cause remanded to provide the State an opportunity to file a motion to have him sentenced in adult criminal court pursuant to section 5-130(1)(c)(ii) of the Act and (2) his 32-year sentence was excessive, and the court failed to consider his age and potential for rehabilitation. The State concedes the first issue and agrees the cause should be remanded. We agree with the parties that Mr. Rodriguez's sentence must be vacated.

¶ 17    Mr. Rodriguez acknowledges that during the sentencing proceedings after this case was first remanded, he did not object to being sentenced in adult criminal court. Thus, this claim is forfeited. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010) ("both a contemporaneous objection and a written postsentencing motion raising the issue are required" to preserve a sentencing error). However, forfeited sentencing claims may be reviewed under the plain error doctrine. *Id*. at 545.

¶ 18    The burden of persuasion is on the defendant, who must first establish that a "clear or

obvious error occurred." *Id.* At the time of Mr. Rodriguez's offense, section 5-130 of the Act required juveniles at least 15 years of age be automatically transferred to adult criminal court when they were charged with certain offenses, including first degree murder. See 705 ILCS 405/5-130(1)(a) (West 2000). After Mr. Rodriguez was convicted and sentenced in adult criminal court, the General Assembly raised the age of automatic transfer to at least 16 years of age. See Public Act 99-258 (eff. Jan. 1, 2016). Given our vacatur of Mr. Rodriguez's sentence and remand for resentencing that occurred after that amendment, the amendment applied to his case at the time of resentencing in 2023. See *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 28 (holding the amendment applied retroactively to cases pending in the circuit court); *People v. Clark*, 2020 IL App (1st) 182533, ¶ 71 (holding the amendment applied to cases where a defendant had been convicted but not yet sentenced when the amendment went into effect).

¶ 19 Here, Mr. Rodriguez was 15 years old at the time of the offense, which placed him beyond the reach of the amended automatic-transfer provision at the time of resentencing in 2023. See 705 ILCS 405/5-130(1)(c)(ii) (West 2022). In order for Mr. Rodriguez to be sentenced in adult criminal court, the State was required to file a written motion requesting transfer to that venue. *Id.* That did not happen here. At no time did the State request a hearing for adult sentencing. Instead, Mr. Rodriguez was sentenced in adult criminal court as a matter of course. Therefore, Mr. Rodriguez's 32-year sentence was entered in violation of the Act.

¶ 20 In addition to showing error, to show "plain" error and thereby avoid forfeiture, Mr. Rodriguez must also show either that, under the first prong of plain error, "the evidence at the sentencing hearing was closely balanced," or under the second prong, "the error was so egregious as to deny the defendant a fair sentencing hearing." *Hillier*, 237 Ill. 2d at 545. Our supreme court has recognized that sentencing a juvenile as an adult where the State did not file the required

motion to transfer is second-prong plain error. *People v. Fort*, 2017 IL 118966, ¶ 19. Thus, this error requires us to reverse Mr. Rodriguez's sentence.

¶ 21    Given our resolution, we need not consider Mr. Rodriguez's argument that his sentence was excessive. If Mr. Rodriguez is again sentenced as an adult, he can raise any objection that he has to his new sentence at that time.

¶ 22                                IV. CONCLUSION

¶ 23    For the foregoing reasons, we vacate Mr. Rodriguez's sentence and remand the matter for further proceedings consistent with this order. On remand, the State should be given an opportunity to file a motion requesting Mr. Rodriguez be sentenced as an adult under section 5-130(1)(c)(ii) of the Act. 705 ILCS 405/5-130(1)(c)(ii) (West 2022). If the circuit court determines that Mr. Rodriguez is not eligible for adult sentencing, the proper remedy is to discharge Mr. Rodriguez on this case, as he is over 21 years of age and is no longer eligible to be sentenced as a juvenile. See *Fort*, 2017 IL 118966, ¶ 41; *Clark*, 2020 IL App (1st) 182533, ¶ 84. This, of course, would have no impact on any other adult sentence that Mr. Rodriguez may be serving.

¶ 24    Vacated and remanded with instructions.