2024 IL App (1st) 231199-U

No. 1-23-1199

Order filed December 9, 2024

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 03 CR 28447 |
| | ) | |
| MOHAMED NAKHLEH, | ) | Honorable |
| | ) | Margaret M. Ogarek, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We affirm defendant's 21-year sentence for attempted murder where he did not preserve the alleged error for review or request review pursuant to the plain error doctrine.

¶ 2     Following a jury trial, defendant Mohamed Nakhleh was convicted of attempted first degree murder (720 ILCS 5/8-4(a), 9-1 (West 2002)) and sentenced to 24 years in prison. Defendant subsequently filed a petition for relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)) alleging that he was entitled to a new sentencing hearing due

to the trial court relying on two convictions that had since been vacated. The circuit court agreed. Following a new sentencing hearing, the circuit court imposed 21 years' imprisonment. On appeal, defendant argues that the circuit court abused its discretion because it failed to consider evidence in mitigation that supported a significantly lower sentence upon resentencing. As defendant did not preserve this issue for review in the circuit court and, on appeal, has not requested review pursuant to the plain error doctrine, we affirm.

¶ 3 The State charged defendant in a 33-count indictment related to the drive-by shooting of Samer Abdallah and Mohammad Qader that occurred on November 9, 2003. The State proceeded on one count of attempted first degree murder of Abdallah, one count of attempted first degree murder of Qader, and one count of aggravated battery with a firearm against Abdallah.

¶ 4 Defendant failed to appear for his 2005 jury trial and was tried *in absentia*. At trial, the evidence showed that at around 12:30 a.m. on November 9, 2003, Abdallah and Qader were driving home in Abdallah's vehicle when another vehicle pulled beside them. An individual, whom Abdallah identified as defendant, was "throwing up hand gestures" and yelling. Abdallah attempted to flee. Defendant pointed a firearm toward Abdallah's vehicle. Abdallah and Qader ducked and heard gunshots. Abdallah noticed "two holes" in his left arm, and Qader saw blood on Abdallah's clothing.

¶ 5 The jury found defendant guilty of attempted first degree murder and aggravated battery of Abdallah and not guilty of attempted first degree murder of Qader. The trial court merged the aggravated battery count into the attempted first degree murder count.

¶ 6 The case proceeded to a sentencing hearing on September 1, 2005. Defendant's presentence investigation report (PSI) reflected prior convictions for firearm and other weapons

offenses and property offenses. Defendant was 23 years of age at the time of the attempted murder offense. The court noted that defendant was a "dangerous man" with a history of "guns and violence" and imposed a 24-year prison term.

¶ 7    An arrest warrant issued for defendant on September 21, 2005. In May 2014, defendant was apprehended in Israel, where he had been detained for some years. Defendant was extradited to Illinois. On November 19, 2018, the circuit court re-imposed the 24-year sentence.

¶ 8    Defendant's conviction and sentence were affirmed on direct appeal. See *People v. Nakhleh*, 2021 IL App (1st) 190505-U.

¶ 9    On November 2, 2021, orders granting certificates of innocence and to expunge criminal records were entered for two of defendant's prior firearm convictions, which were vacated pursuant to *People v. Aguilar*, 2013 IL 112116, and its progeny.

¶ 10    On March 4, 2022, defendant filed *pro se* a petition for postconviction relief alleging that appellate counsel was ineffective for failing to challenge the unconstitutional nature of the two prior convictions that were subsequently vacated. Defendant alleged that the circuit court considered those convictions at sentencing. Defendant attached the certificates of innocence issued in the two cases.

¶ 11    The court docketed defendant's petition for second-stage proceedings, and counsel entered an appearance on July 11, 2022. On June 16, 2023, the circuit court held a hearing on the petition. The State conceded that, given the trial court's reliance on the now-vacated convictions at the original sentencing hearing, the proper remedy was to afford defendant a new sentencing hearing.

The circuit court proceeded with the new sentencing hearing and stated that it had reviewed an amended PSI.[1]

¶ 12     In aggravation, the State published Abdallah's victim impact statement. Abdallah expressed his shock at being shot when he was simply "driving home from hanging out with friends." He still did not know why defendant targeted him. He did not engage defendant and had tried to diffuse the situation. Abdallah felt "pulsating pain" in his hand and arm due to permanent nerve damage caused by the gunshot wound. Even 20 years after the shooting, he had lost normal feeling in half of his hand and was reminded of the shooting every day. He had nightmares about it and, until defendant was apprehended, felt uneasy and anxious that defendant was "living free" and could harm him again. Abdallah requested defendant receive the sentence originally given.

¶ 13     In mitigation, defendant called his brother, Ali Nakhleh, and his sister, Samera Nakhleh.[2] Ali testified that prior to the shooting, defendant and their other brother, Loay, were involved in a gang-related shooting as teenagers that left Loay paralyzed until his death as a result of the shooting. This event left defendant with emotional pain. Ali stated that defendant had experienced self-reflection, remorse, and personal growth while in prison, developed a "deep connection" with his faith, and exhibited a strong desire to contribute positively to society upon release.

¶ 14     Samera testified that defendant felt remorse for his actions and became closer to the Islamic faith while incarcerated. She believed that defendant would live a law-abiding life once released from prison and would make a good future for himself, his wife, his children, and the rest of his family.

---

[1] The amended PSI was not provided in the record on appeal.

[2] Because defendant's siblings share his last name, we refer to them by their first names.

¶ 15    Defense counsel published defendant's statement in allocution. Defendant expressed the "deepest sympathy and regret" for the harm he caused the victims and their families. Defendant expressed how he had made "good use" of his time in prison by obtaining his GED and taking anger management and parenting classes. He learned from his mistakes and was striving to become a better person and better member of society. Defendant also "found religion" while in prison and prayed for his family, the victims, and the victims' families.

¶ 16    The State argued that defendant continued to be a danger to society, mentioned his prior convictions, and noted defendant's flight to Israel in advocating that defendant receive the same sentence as before.

¶ 17    Defense counsel argued that defendant should receive a lesser sentence because his prior sentence was based on convictions that had since been vacated. A lesser sentence was also warranted as defendant's actions in prison, discussed in his and his family's statements at the hearing, demonstrated that defendant was a changed man who was remorseful. Counsel requested defendant receive a "much lower sentence" that would allow him the opportunity to rejoin his family.

¶ 18    In announcing the sentence, the circuit court addressed the evidence in aggravation and mitigation as well as the appellate opinion. The court described the shooting as an unprovoked "inexplicable act of violence." While defendant was young when he committed the attempted murder, he was "old enough to know better." The court noted that the shooting caused serious harm to Abdallah. It also noted defendant's "significant" criminal history and that defendant's sentence would deter others from committing similar crimes.

¶ 19     The court further noted that defendant made efforts toward rehabilitation through obtaining his GED, taking anger management classes, engaging in faith-based actions, and had expressed remorse. It noted defendant's age at the time of the offense, that defendant was unlikely to commit another such crime, and the circumstances were not likely to reoccur.

¶ 20     The court imposed 21 years' imprisonment. Defense counsel did not file a motion to reconsider sentence.

¶ 21     On appeal, defendant argues that the circuit court abused its discretion in resentencing him to 21 years' imprisonment, only three years shorter than his original sentence, where the circuit court failed to consider the mitigating evidence that supported a lower sentence.

¶ 22     The State argues that defendant did not preserve the sentencing claim below. During the resentencing hearing, defendant did not object to his sentence nor did he file a motion to reconsider his sentence. As such, the claim is forfeited. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010) ("both a contemporaneous objection and a written postsentencing motion raising the issue are required" to preserve a sentencing error).

¶ 23     Ordinarily, forfeited sentencing claims may be reviewed under the plain error doctrine. *Id*. at 545. The burden of persuasion is on the defendant, who must first establish that a "clear or obvious error occurred." *Id*. For sentencing errors, the defendant must then show either that "(1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Id*. This court must honor the procedural default where a defendant fails to establish plain error. *People v. Naylor*, 229 Ill. 2d 584, 593 (2008).

¶ 24     A defendant who fails to argue for plain error review "obviously cannot meet his burden of persuasion." *Hillier*, 237 Ill. 2d at 545. Moreover, when a defendant fails to present an argument

on how either prong under the plain error doctrine is satisfied, he forfeits such review and the procedural default will be honored. *Id*. at 545-47.

¶ 25     Here, defendant failed to make an argument in his opening brief for plain error review. He only alleges that the circuit court abused its discretion upon resentencing by failing to significantly lower his sentence in light of the mitigating evidence. He neither contends that the evidence at the sentencing hearing was closely balanced nor that the error was so egregious as to deny him a fair sentencing hearing. Furthermore, defendant has failed to file a reply brief. Absent a persuasive legal argument for excusing his procedural default and reviewing his claim under plain error, defendant has not provided this court with the proper legal framework to analyze his claim. The claim is therefore forfeited and the procedural default will be honored. See *People v. Elizondo*, 2021 IL App (1st) 161699, ¶¶ 108-110 (sentencing issues forfeited on appeal where defendant failed to preserve them in the circuit court and request plain error review on appeal).

¶ 26     For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 27     Affirmed.