NOTICE
Decision filed 06/26/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250217-U

NO. 5-25-0217

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Clay County. |
| | ) | |
| v. | ) | No. 22-CF-42 |
| | ) | |
| EMILY S. DENNING, | ) | Honorable |
| | ) | Joel J.C. Powless, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Barberis and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's restitution order is reversed where insufficient evidence was submitted to support the order.

¶ 2    Defendant, Emily S. Denning, appeals the trial court's restitution order. She argues that the order failed to set out the method and manner of payment or consider defendant's ability to pay. She further argues that there was insufficient evidence to show that defendant's conduct was proximately related to, or caused, the decedent's death and to support the "lost wages" of the decedent's family. For the following reasons, we reverse the trial court's order.

¶ 3                                I. BACKGROUND

¶ 4    On May 4, 2022, defendant was charged, by information, with concealment of homicidal death in violation of section 9-3.4(a) of the Criminal Code of 2012 (Code) (720 ILCS 5/9-3.4(a)

1

(West 2022)) following the homicidal death of Stephanie Harrell. The count alleged that defendant "knowing that Stephanie Harrell had died by homicidal means, knowingly concealed the death, when she helped move the body of Stephanie Harrell to prevent or delay the discovery of Stephanie Harrell's death."

¶ 5       On October 16, 2023, the State filed an amended information and advised the court that a second count for obstruction of justice in violation of section 31-4(a)(1) of the Code (*id.* § 31-4(a)(1)) had been filed. The second count alleged that defendant "concealed physical evidence, being Stephanie Harrell's body, with the intent to obstruct the prosecution of Phillip Blaine Henson." The State further advised the court that the parties had a negotiated plea to present to the trial court. The negotiated plea involved defendant's plea of guilty to count II and a sentence of 24 months' probation. A statement from the victim's daughter, Abra Howe, was read and the court ultimately denied the negotiated plea.

¶ 6       A year later, on October 21, 2024, an open plea was presented to the court in which defendant would plead guilty to count II with sentencing left to the court. As long as defendant appeared for the sentencing hearing, count I would be dismissed. Following admonishments, the trial court accepted the open plea and ordered the preparation of a presentence investigation report.

¶ 7       Defendant's sentencing hearing was held on December 16, 2024. Defense counsel obtained testimony from one of defendant's friends, defendant's employer, the caseworker pertaining to defendant's parental rights case, and defendant's probation officer. Letters in support of defendant from the retired chief of police and defendant's stepmother were reviewed by the court. The State asked the court to recall the previous statement provided by the victim's daughter at prior hearing.

¶ 8       The State requested the maximum sentence, noting that with defendant's previously served time, she would likely only be incarcerated for 60 days. It also requested restitution for the victim's

children, James Harrell and Abra Howe, in the amount of $1,000 each because they had been in court, missed work and school, and had to pay for a funeral. The State also noted that the total amount of defendant's bond was $2,000. Defense counsel requested second chance probation pursuant to section 5-6-3.4 of the Unified Code of Corrections (730 ILCS 5/5-6-3.4 (West 2024)). No response to the State's argument for restitution was presented. The victim's children disagreed with sentencing defendant with second chance probation. No statement in allocution was presented.

¶ 9 Following argument, the trial court sentenced defendant to three years' imprisonment in the Illinois Department of Corrections followed by six months' mandatory supervised release. The sentence was to be served at 50% and defendant was credited with 383 days of jail time served. The court also ordered defendant to pay restitution to the victim's children, Abra Howe and James Harrell, with each receiving restitution in the amount of $1,000.

¶ 10 On January 8, 2025, defendant moved for a reduction in her sentence. The motion argued, *inter alia*, that restitution was improperly ordered at sentencing. A hearing on defendant's motion was held on March 10, 2025. Defense counsel argued that defendant was provided no notice and no evidence prior to the sentencing hearing that restitution was going to be requested and that no restitution evidence was presented at the hearing. Counsel further stated that with no evidence providing a basis for the restitution, the award could only be for pain and suffering which was precluded by section 5-5-6(b) of the Unified Code of Corrections (*id.* § 5-5-6(b)).

¶ 11 The State argued that the restitution was not for pain and suffering, it was for loss of wages and expenses by the victim's children, who provided victim's rights statements that were filed with the court. The State argued that the court was aware of their attendance in court on multiple

3

occasions and the "amount of wages lost was less than the amount that was ordered for restitution" so "it was to the defendant's benefit for that amount."

¶ 12    Defense counsel responded stating that if the restitution was for lost wages, the court was required to find "that those expenses or losses were proximately caused by the same criminal conduct of the defendant." Counsel noted, however, that there was no evidence or testimony supporting any conclusion that defendant's court dates prevented the victim's children from going to work.

¶ 13    Following argument, as to the restitution issue, the court stated:

"I do show this case began in May of 2022. It was not finalized until December of 2024. And my recollection is that the victims came to almost every hearing. Sat in the back row. I saw them at every hearing. Whether it was the daughter or the son or both *** they were here at almost every hearing. And there was a lot of hearings. So there's no question that they took time out of their lives to come to a lot of hearings."

Thereafter, the court denied defendant's motion. Defendant timely appealed.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, defendant argues that the trial court's award of restitution at her sentencing hearing was erroneous because the order failed to set out the method and manner of payment and the court failed to consider defendant's ability to pay the restitution. She further argues that insufficient evidence was presented to show (1) that defendant's conduct was proximately related to or caused the decedent's death and (2) the "lost wages" of the victim's children. In response, the State argues that the issues were forfeited, plain error was not shown as to errors in the order,

4

and even if the issues were not forfeited, sufficient evidence existed for the award. Defendant's reply concedes the issues were not properly preserved and requests plain error review.

¶ 16    The purpose of the restitution statute "is to make the defendant's victims whole while also making defendant pay any expenses victims incurred because of defendant's criminal actions." *People v. D'Alise*, 2022 IL App (2d) 210541, ¶ 33. "As a component of the sentence, a trial court may order a defendant to pay restitution for an economic loss caused by his criminal conduct." *People v. Birge*, 2021 IL 125644, ¶ 47 (citing 730 ILCS 5/5-5-6(a) (West 2014)). However, "to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required." *People v. Hillier*, 237 Ill. 2d 539, 544-45 (2010). Failure to complete either requirement results in forfeiture of the issue. *People v. Smith*, 2025 IL 130067, ¶ 60.

¶ 17    Forfeiture may be overlooked if a request for plain error review is both requested and established. *Hillier*, 237 Ill. 2d at 545. The plain-error doctrine is a narrow and limited exception. *People v. Chambliss*, 2026 IL 130585, ¶ 66. To obtain relief under the rule, a defendant must first show that a clear or obvious error occurred. *People v. Thompson*, 238 Ill. 2d 598, 613 (2010). If error is shown, "[i]n the sentencing context, a defendant must then show that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Hillier*, 237 Ill. 2d at 545 (citing *People v. Hall*, 195 Ill. 2d 1, 18 (2000)). The burden of persuasion rests with the defendant (see *People v. Moon*, 2022 IL 125959, ¶ 20) and if the burden is not met, the procedural default will be honored. *Hillier*, 237 Ill. 2d at 545. While defendant argues that both prongs could be met, the Illinois Supreme Court clarified that a restitution order entered erroneously without sufficient evidentiary support constituted second prong plain error. *Birge*, 2021 IL 125644, ¶¶ 50-56.

5

¶ 18    Second prong plain error presumes prejudice to the defendant "regardless of the strength of the evidence or the effect of the error on the trial outcome." *Moon*, 2022 IL 125959, ¶ 27. As such, in the case at bar, the only issue is whether the trial court committed error in entering the restitution error. While numerous errors related to the order are raised, the claims related to the sufficiency of evidence are most easily addressed based on the record.

¶ 19    The restitution statute allows the trial court to award "restitution in cash, for out-of-pocket expenses, damages, losses, or injuries found to have been proximately caused by the conduct of the defendant." 730 ILCS 5/5-5-6(a) (West 2024). "In fixing the amount of restitution to be paid in cash, *** the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge or any other victims who may also have suffered out-of-pocket expenses, losses, damages, and injuries ***." *Id.* § 5-5-6(b). Given the statutory requirements, and the lack of evidence submitted at the sentencing hearing to meet those requirements (*id.*), we find that obvious error occurred. As such, we vacate the restitution order and remand to the trial court for a new restitution hearing.

¶ 20                                III. CONCLUSION

¶ 21    For the foregoing reasons, we hold that the trial court's restitution order was erroneously entered without sufficient evidentiary support and remand the case for a new restitution hearing.

¶ 22    Reversed and remanded.